WRIGHT WHITMAN and WIFE v. SALLY ANN SHINGLETON.

*Deed—Delivery—Evidence—Presumption.*

1. The fact that a deed was in possession of the grantee, accompanied
   by proof that it was signed by the grantor, is evidence from
   which the jury may presume a delivery.

2. The presumpti n of delivery arising from possession of the deed by
   the grantee may be rebutted by proof that such possession was
   obtained without the consent or contrary to the intention of the
   grantor.

CIVIL ACTION, tried at November Term, 1890, of DUPLIN
Superior Court, *Brown, J.,* presiding.

The opinion contains a statement of the material facts.

Mr. H. R. Kornegay, for plaintiff.
Mr. W. R. Allen, for defendant.

108—13

SHEPHERD, J.: His Honor instructed the jury that there was no evidence from which they could infer a delivery of the deed from Gregory Price to the defendant, and this is the sole question presented for review.

It was in evidence that, some time after the death of the grantor, the defendant. the grantee, was in possession of the deed, and left it with the witness Smith to have it recorded. The deed was lost or misplaced by the said witness, but its contents were proved. It was in the usual form, and conveyed the land in question to the defendant in fee, and "it was specified in it," says a witness, "that she was to take care of him (the grantor) the remainder of his life, and then give him a Christian burial." It was also in evidence that these conditions were fully performed by the defendant. The deed was witnessed by J. F. Maxwell and John Maxwell, the last named being now dead. The former testified simply that he witnessed the instrument, and there was no testimony of any other circumstances attending its execution. "The delivery of a deed is a question of fact. The law has prescribed no particular form in which it shall be made. When the question rests upon the attendant circumstances and the intention of the parties, the fact of their existence and their effect are peculiarly within the province of the jury. It is error, then, for a Judge to tell the jury that there is no evidence of a delivery, when any circumstances are proved from which it may be inferred; no matter how slight or inconclusive they may be, the party relying upon them has a right to have them submitted to a jury." *Floyd* v. *Taylor*, 12 Ired., 47.

The deed in question was in possession of the grantee, and such possession, with proof of the signing by the grantor, is evidence from which the jury may presume a delivery. *Springs* v. *Williams*, 7 Ired., 384; *Blume* v. *Benman*, 2 Ired., 338; *Devereux* v. *McMahon*, *ante*, 134. The law is laid down in Tiedman on Real Property (813), as follows:

"If the deed is found in the possession of the grantee, a delivery and acceptance are presumed. But like other legal presumptions, it is liable to be rebutted by proof that the possession of it was obtained without the intention of the grantor to make a delivery, or without his consent, and parol evidence is admissible to establish this fact." This is supported by abundant authority.

In *Clayton* v. *Liverman*, 4 D. & B., 238, cited by counsel, the circumstances attending the execution were fully disclosed, and those not constituting a delivery, or, at least, leaving it in doubt, it was held that the presumption raised by the mere production of the deed by the grantee after the death of the makers, was rebutted because it appeared that he lived with the makers, was their manager and agent until their deaths, and then took possession of all of their property and effects.

There is no such explanation of the possession in this case as will warrant us in holding that the presumption is rebutted, and that there is no evidence to go to the jury. We have only the fact that the defendant was living with the grantor, and there is nothing to show that she exercised any control over his business, or took charge of any of his effects after his death. Doubtless his Honor was under the impression that there should have been distinct and affirmative evidence of delivery at the time of the signing of the deed. The subscribing witness was silent as to this, but, conceding that the deed was not delivered at that time, it could, nevertheless, have been delivered subsequently (*Clayton* v. *Liverman, supra*), and without the presence of the subscribing witnesses. *Gaskill* v. *King*, 12 Ired., 211.

The fact that the deed was in possession of the grantor several years afterwards at the trial before the Justice of the Peace, is not inconsistent with a previous delivery. He may have retained it in his possession after the delivery (Smith on Contracts, 56, Notes), or he may have obtained it of the

grantee for the purposes of that particular occasion. Indeed, the fact that he put it in evidence on the trial of himself and the grantee for fornication and adultery, was a circumstance to be considered in favor of delivery, as his apparent object was to show that he was living with the grantee not unlawfully, but under the condition of the deed, to the effect that she was to support him.

Considering the whole testimony, we think there was evidence of delivery, and that it should have been passed upon by the jury.

Error.