A. J. PERKINS v. GEORGE W. THOMPSON.

(Decided November 9, 1898.)

*Deeds, Delivery of—Evidence.*

1. A deed signed, properly acknowledged and registered, and found in possession of the grantee, is presumed to have been delivered; but the presumption is not conclusive and may be disproved by proper evidence.
2. Hearsay evidence is inadmissible for the purpose.

CIVIL ACTION to recover land, tried before *Robinson, J.,* at May Term, 1898, of the Superior Court of ORANGE County.

The plaintiff claimed to be the owner of the land, and alleges that the deed from himself to the defendant had never been delivered, but was surreptitiously obtained by the defendant from plaintiff's wife.

The deposition of plaintiff, a non-resident, was read in evidence, in which he stated "he had learned from friends, that Thompson had taken up with his wife, and they were living together as man and wife, and she had had two illegitimate children by said Thompson."

The evidence was objected to by defendant, but allowed by the Court, and defendant excepted.

There was a verdict and judgment for plaintiff and appeal by defendant.

*Messrs. Graham & Graham*, for defendant (appellant).

*Mr. James B. Mason*, for plaintiff.

MONTGOMERY, J.: The deed, if it was *delivered*, conveyed the land in it described to the defendant. He got possession of the deed in some way and had it registered, although more than a dozen years had elapsed after the plaintiff had acknowledged its execution before a Justice of the Peace. The usual issues in actions for possession of real estate were submitted, the responses to which by the jury depended upon the fact whether or not there had been, in law, a delivery of the deed.

The plaintiff offered on the trial his own deposition, in which he deposed, among other things, that in 1879 he got into trouble with the United States government on account of his having participated in illicit distilling, and that he expected to flee the State to prevent conviction and punishment; that he made the deed to Thompson, the defendant, to save the land therein con-

veyed, to his wife and children: that he was tried for the offence with which he was charged, convicted, imprisoned and served his term; that afterwards he left the State—in 1881—leaving the deed in his trunk with his other papers, and that he never said anything to Thompson about the deed after it was signed.

Basil Andrews, a witness for the plaintiff, testified that when the plaintiff left the State in 1881, the plaintiff's wife was in possession of the land and that she and her children remained in possession until the defendant married her in 1891, and for several years she rented out the land to other persons.

D. M. Durham, a Justice of the Peace, testified that the plaintiff acknowled the execution of the deed before him, and that his wife's signature and private examination were had afterwards at the plaintiff's request, and that he does not know what became of the deed after the wife's acknowledgement and privy examination.

The defendant then moved, under the Act of 1897, "for non-suit of plaintiff, as the evidence showed a nefarious transaction in which the plaintiff had endeavored to defraud the government, and that the acknowledgement of the execution of the deed in August, 1879, before a Justice of the Peace included signing, sealing and delivery; and the fact of delivery had been judicially determined and could not be controverted or impeached in this action to recover the land; also, the statement of Durham, the Justice of the Peace, that the deed was left with him by A. J. Perkins to take the acknowledgement of Mrs. Perkins, showed a delivery by Perkins."

The motion was overruled by the Court, and in that

123—12

ruling there was no error.   The presumption was that
the deed had been delivered.   Its delivery was presumed
not only because it had been registered, but also because
it was found in the possession of the grantee signed by
the grantor and duly acknowledged before a Justice of
the Peace.   In *Whitmond* v. *Shingleton*, 108 N. C.,
193, it is said that "the deed in question was in posses-
sion of the grantee, and such possession. with proof of
the signing by the grantor, is evidence from which the
jury may presume a delivery," and in Tiedman on Real
Property, page 813, the law is declared to be, "if the
deed is found in the possession of the grantee a delivery
and acceptance are presumed."

The contention of the defendant, however, is that
upon the plaintiff's evidence the presumption is con-
clusive, it appearing that the plaintiff left the deed with
the Justice of the Peace to take the acknowledgement
and privy examination of the plaintiff's wife, and that
that act was such a parting with the possession of the
deed as constituted a delivery to the defendant.   The
contention cannot be sustained.   The Justice who took
the probate had no instruction from the plaintiff to de-
liver the deed to the defendant, or to do anything fur-
ther with it after it was acknowledged by the grantors.
There are no set rules or forms laid down as to what
constitutes a delivery of a deed, but in all cases the
grantor must do or say something going to show that
he intends the deed to become operative before the title
can pass.   The deed not having been left after its exe-
cution with the Justice of the Peace as an escrow, nor
to be delivered unconditionally to the Register of Deeds
or to the grantee or to some person for him, the powers
and duties of that officer ceased with the discharge of
his official duties.   With the actual delivery of the

PERKINS *v.* THOMPSON.

deed, he, as an officer authorized to take the acknowl-
edgment of deeds, had no concern.

In *Rollins* v. *Rascoe*, 111 N. C., 79, to which we were
referred by the defendant's counsel, it appears that the
grantor had parted with the deed by delivering it to the
deputy Clerk of the Superior Court with instructions to
have the same proved by the subscribing witness before
the Clerk of the Court, who was absent from his office,
and to have the same registered.   In *Hall* v. *Harris*,
40 N. C , 303, the Court in discussing the matter of the
delivery of the deed, said: "The law does not depend
upon the accidental use of· mere words 'trusted to the
slippery memory of witnesses.'   It depends upon the
act that a paper signed and sealed is put *out of the pos-
session* of the maker."

In the case before the Court, the Justice who took the
acknowledgement had no further connection with the
deed, and, according to the plaintiff's evidence, the
plaintiff kept the deed in his trunk after his wife had
acknowledged it, for years, and never mentioned the
matter to the grantee afterwards.

In *Ellington* v. *Curry*, 49 N. C., 21, which the de-
fendant's counsel also cited, the deeds had been signed
and sealed by the grantor, and witnessed, and had been
ordered to registration by the *grantor* himself.

But the defendant further contends, in his motion to
non-suit the plaintiff, that the fact of delivery had been
judicially determined and could not be controverted or
impeached in this action to recover the land, and cited
as authority for the position the case of *Redmon* v.
*Graham*, 80 N. C., 231.   We have read that case with
care.   It does not disclose the nature of the pleadings
and the precise purpose of the action.   It does appear,
however, that the impeachment of the delivery was at-

tempted to be made collaterally.   The action of the pro-
bate judge was declared by the Court to be a judicial
act and the fact of delivery determined therein.   In the
suit before us, however, the plaintiff in the amended
complaint alleges that the defendant came into posses-
sion of the deed unlawfully and fraudulently, and that
it was never delivered by the plaintiff to the defendant;
and there is a prayer for general relief.   The motion to
dismiss having been properly overruled, the defendant
then put in evidence tending to show the delivery of
the deed to him by the plaintiff.   The theory of the
plaintiff was that the defendant got possession of the
deed surreptitiously after the plaintiff left the State,
through unlawful intimacy with the plaintiff's wife and
undue influence which he thereby exerted over her.   On
the question of delivery, his Honor received, under ob-
jection of the defendant, a part of the deposition of the
plaintiff, which in substance was that the plaintiff in
1894 had written to his attorney (Mr. Mason) that he
was surprised at the claim of Thompson on the land,
and that he was mad, and had learned from friends that
Thompson, the defendant, had taken up with his wife,
that they were living together as man and wife and
that she had had two illegitimate children by him (the in-
formation was received years before).   Other parts of the
deposition of like tenor were introduced and received over
the objection of the defendant.   This evidence tended to
prove that the defendant had been unlawfully co-habit-
ing with the plaintiff's wife, and that through that in-
fluence he had procured her to deliver to him the deed
which the plaintiff had left in his trunk on his depart-
ure from the State.   It was hearsay testimony on a most
vital point and ought not to have been received; and

for the error in the admission of the testimony there must be a new trial.

New trial.