ROWE *vs.* WARE.

1. In a suit against co-sureties, upon an issue of *non est factum* as to one of them, the others are not competent witnesses against him.

2. The signature of a sealed instrument by an agent, the principal not being present, is not binding on the principal, unless the authority of the agent be under seal.

3. No amount of errors will send a case back for a rehearing, when a different verdict could not stand for want of evidence to support it. Errors in such a case are immaterial.

Debt on Guardian's bond, in Wilkinson Superior Court. Tried before Judge HANSELL, at April Term, 1860.

This was an action of debt brought by Freeman H. Rowe, Ordinary of Laurens county, for the use of James A. Wright, a minor, against John M. Ware, principal, and Charles Hooks, Love Herndon, Bartlett W. Bell and James Taylor, securities on a guardianship bond, given to said Ordinary for the faithful discharge of the duties of said John W. as guardian of James A. Wright, a minor child of John Wright, deceased. The declaration contained three assignments of breaches of the condition of said bond: 1st. That said John M., has failed to pay to the person lawfully authorized to receive the same, the estate and funds which he received belonging to said minor. 2d. That said John M. failed to make regular returns of his actings and doings as guardian aforesaid, as required by law. 3d. That he failed and refused upon demand, to pay and turn over to Young J. Anderson, the present guardian of said minor, the funds and estate of said minor.

The bond is dated 3d July, 1854.

The defendants, Herndon and Hooks, pleaded *non est factum*—that they did not sign said bond, nor authorize any one to sign it for them—which plea or pleas, was verified by the oaths of the defendants respectively.

The jury found the following verdict: "We the jury find in favor of Charles Hooks and Love Herndon, with cost of suit as to them, and we find for the plaintiff, Freeman H. Rowe, Ordinary of Laurens county, for the use of James A. Wright, minor, the sum of two thousand eight hundred and ninety-nine dollars and ten cents, with cost of suit against

John M. Ware, principal, and Bartlett W. Bell, security, this 6th April, 1860."

Taylor, it appeared, was not served with process, and no verdict or judgment was rendered against him.

Plaintiff moved for a new trial upon the following grounds :

1st. Because the Court erred in overruling plaintiff's motion for a continuance of the cause, on account of the absence of Bartlett W. Bell, one of the defendants, who had been regularly subpœnaed in due time to obtain his attendance at this term of the Court, who was absent without the consent of plaintiff, and by whom he expected to prove that the defendant, Herndon, authorized James Taylor, a co-defendant, to sign his (Herndon's) name for him to the guardian bond—the Court holding that Bell, if present, would not be a competent witness.

2d. Because the Court erred in not allowing such parts of James Taylor's depositions to be read to the jury as went to show that others of his co-defendants had authorized him to sign their names for them, and each of them, as securities to said bond.

3d. Because the Court erred in overruling the objection made by the plaintiff, to the testimony of a witness, John R. Cochran, that there was another guardian bond given in relation to the estate of the minor, James A. Wright, to-wit : a bond executed by James Taylor as his guardian. This objection was predicated upon the ground that if there was such other bond, that there was higher evidence of its existence, and that such evidence should be had, or a foundation laid for the introduction of sccondary or weaker evidence.

4th. Because the Court erred in allowing the witness, Love Herndon, to prove that there was a note made by John M. Ware, upon which Hooks was liable as security—the note itself being the best evidence of that fact, and should be produced, or proof made of its loss or destruction, which was not done.

5th. Because the Court erred in charging the jury, that an authority from the securities to sign their names to the guardian bond must be in writing, under seal, if they were not present at the execution of the deed.

6th. Because the Court erred in charging the jury, that if the parties were not present at the time the bond was executed, and had not given authority under seal to some one to

Rowe *vs.* Ware.

sign their name, then it required a writing by them under seal, to ratify the signature of their names to the bond by another, and in the absence of such ratification, it required some positive and definite act in relation to such signing of their names, and with a direct and certain reference thereto, to make it good against him, or to amount to a ratification of an authorized signing of their names. And further, that the Court erred in charging that "no such act was proven on the part of Charles Hooks, from which the jury could find that he had ratified the signing of his name, and that they must, therefore, find in his favor," there being some evidence to show that Hooks did recognize the validity of the bond, and his liability as security thereto.

7th. Because the verdict was contrary to law.

8th. Because the verdict was contrary to evidence.

9th. Because the verdict was contrary to the weight of evidence.

The Court refused the motion for a new trial, and plaintiff excepted.

Y. J. Anderson & Eli Cumming, for plaintiff in error.

DeGrafenreid & Carswell, *contra.*

*By the Court.*—Stephens, J., delivering the opinion.

1. Bell was not a competent witness against those sued as his co-sureties, on an issue of *non est factum*, for the direct effect of his testimony was to fix them as sureties with himself, and so divide and lessen his own liability. There was, therefore, no error in refusing a continuance to get his evidence.

2. The same reason does not apply to Taylor, for he was not served, and therefore was not to be bound to anybody nor anybody bound to him by the judgment; but another reason which disposes of all the assignments of error, rendered his proposed testimony incompetent also. His evidence, which was ruled out, was only proof of a *verbal* authority to sign the bond. The Court has before held that an authority under seal is necessary to authorize an agent to sign a sealed instrument. Whether the rule be a reasonable one or not, is not the question, it is too firmly fixed in the law to be disturbed by Courts. It is a case for the Legislature only.

But it was said that the bond need not have been under seal, though in point of fact it was so, and therefore the seal might be disregarded.   Not so.   The question was, whether Taylor had authority to sign the names of Hooks and Herndon to this bond as it is—*sealed* as it is.   Whether a bond without a seal (to use for convenience, a short but inaccurate phrase,) would be valid, has nothing to do with the case, for there was no such paper in the case.   If Taylor ever signed such an one, we know nothing of it.   Was he legally authorized to sign the bond? is the question.   He was not, and therefore this bond does not bind them.

3. Under this view it is useless to consider the other assignments of error, for there was no evidence of authority to sign the bond, and a different verdict could not stand.   No amount of errors will send a case back for a new trial, when a different verdict, if rendered, would have to be set aside for want of evidence to support it.   It is worse than useless to give an opportunity to do that, which being done, must be undone.