Larey *vs.* Taliaferro.

---

P. H. LAREY, plaintiff in error, *vs.* CHARLES TALIAFERRO, defendant in error.

1. When one, in trading property, says he will warrant it to be sound in every respect, his declaration may amount to a representation as well as to a warranty.

2. An express warranty, knowingly false, may be waived as a contract, and an action brought for the deceit: *6 Georgia Reports, 584.*

VOL. LVII. 29.

3. One who knowingly trades property afflicted with a contagious disease, is not entitled to any notice, when the existence of the disease is afterwards discovered by the purchaser. What is already known need not be communicated.

4. Inaccuracies in charging the jury are immaterial, when the verdict is fully supported by the evidence.

Sales. Warranty. Deceit. Notice. New trial. Before Judge UNDERWOOD. Floyd Superior Court. January Term, 1876.

Taliaferro brought complaint against Larey, alleging, in brief, as follows :

On February 1st, 1871, the plaintiff exchanged with defendant a horse for a mule. The horse was worth $125 00. The defendant, knowing the mule to be unsound, falsely and fraudulently stated to the contrary. This statement was made for the purpose of inducing the plaintiff to make the trade. The defendant knew, at the time, that the mule had the glanders, an incurable and contagious disease, of which he subsequently died. Other stock of the plaintiff contracted said disease from the mule and died, to his damage $300 00.

The defendant pleaded the general issue.

The evidence fully sustained the plaintiff's case as made in his declaration, except as to the amount of his damages. The horse which he exchanged to defendant was shown to have been worth $100 00. Two of his mules contracted the disease and died, worth $200 00. He discovered that the mule had the glanders, on the day after the trade, though it did not die until the following November. Plaintiff said nothing to the defendant about the mule being diseased until some time in the summer. He was taken sick about a month after the trade and could not go to see defendant any sooner. When he recovered sufficiently, he went twice to see defendant but could not find him at home.

The jury found for the plaintiff $300 00. The defendant moved for a new trial upon the following, among other grounds :

1st. Because the court refused to charge, without qualifica-

Larey vs. Taliaferro.

tion, as follows: "Before you can find for the plaintiff, it must be proved to you that the defendant made to plaintiff, at the time of the trade, some representations about the mule which were false, and that plaintiff acted on these representations, and that he has been damaged by reason of these false representations." The court added as follows: "That is correct, if the suit was on the warranty. This is an action of deceit, and every one, when he sells property, warrants that it is reasonably suited to the use intended, and that the seller does not know of any latent defect."

2d. Because the court refused to charge the jury, without qualification, as follows: "If defendant simply warranted the mule, plaintiff cannot recover in this form of action, this being a suit for deceitful and fraudulent representations, and not a suit for breach of warranty." This request the court qualified as follows; "This being an action for deceit and fraud, the recovery, if any, must be for the deceit and fraud *on the warranty which the law implies.*" (?) (Exact copy both from record and bill of exceptions. R.)

3d. Because the court refused to charge, without qualification, as follows: "If plaintiff discovered that the mule was diseased the next day after the trade, it was his duty to have notified defendant of the fact within a reasonable time." To which the court added as follows: "But if he was taken sick shortly after, and went to see defendant about the matter several times, and could not find him at home, you will consider that in coming to a conclusion."

The motion was overruled, and the defendant excepted.

DABNEY & FOUCHE, for plaintiff in error.

ALEXANDER & WRIGHT; FORSYTH & REESE, for defendant.

BLECKLEY, Judge.

1. While we do not agree with the circuit judge in the view he took of the case, we do not feel constrained to order

a new trial. There is positive evidence that the defendant below said, at the time of the swap, that he would warrant the mule to be sound in every respect. That declaration was, doubtless, intended as a representation, and was understood to be such by the other party. That it amounted to a warranty, would not strip it of its character as a representation.

2. An express warranty may be waived as a contract, and an action maintained upon the same general transaction as fraud and deceit. To do this, the warranty must have been made with knowledge by the warrantor that it was false, and must have been accepted by the warrantee without such knowledge on his part. We think that these conditions, and others requisite to a recovery, are established with reasonable certainty by the evidence in the record.

3. The request to charge on the subject of giving notice, should have been refused altogether. Without the party trading the mule knew it was afflicted with the disease, he was guilty of no deceit; and if he did know it, he was not entitled to be informed after the other party found it out. That the latter, when he found it out, was bound to use due diligence to keep the disease from spreading to his other stock, or else take the consequences of all subsequent injury to them, there can be no doubt; but it does not appear but what the court charged the law on that subject fully and correctly.

4. The verdict is so well warranted by the evidence, that we cannot do otherwise than regard as immaterial such inaccuracies as we have discovered in the charge of the court.

Judgment affirmed.