OVERMAN <em>et al. v.</em> ATKINSON, Governor.

Authority to execute a sealed instrument must itself be under seal.

Argued October 27, — Decided November 30, 1897.

Forfeiture of recognizance. Before Judge Sweat. Camden superior court. July 30, 1897.

*M. L. Mershon* and *Hitch & Myers*, for plaintiffs in error.

*John W. Bennett*, solicitor-general, and *Toomer & Reynolds*, contra.

Cobb, J. This was a proceeding by scire facias against William Overman as principal, and Stephen Williams, J. M. Purse and Jack Pierce as securities, to enforce a recognizance as forfeited. Pierce answered that he had not signed the bond and had not authorized any one to sign it for him. Purse and Williams answered that they were induced to sign it upon the representation by Cephas Williams, the officer taking the bond, that he had authority to sign the name of Pierce to it, whereas he did not have such authority. On the trial there was a verdict for the plaintiff, and the defendants made a motion for a new trial, which was overruled, and they excepted.

Cephas Williams was offered as a witness to prove that he had parol authority from Pierce to sign the bond in question. This evidence was objected to on the ground that, the bond being under seal, the authority to execute it must also be under seal. The court overruled the objection and admitted the evidence. Error is also assigned upon the refusal of the court to charge as follows: "The act creating the agency must be executed with the same formality (and need have no more) as the law prescribes for the execution of the act for which the agency is created." We think it was error to admit the evidence objected to, and to refuse the charge requested. Civil Code, § 3002. "The signature of a sealed instrument by an agent, the principal not being present, is not binding on the principal, unless the authority of the agent be under seal." *Rowe* v. *Ware*, 30 *Ga.* 278; *Ingram* v. *Little*, 14 *Ga.* 173; *Pollard* v. *Gibbs*, 55 *Ga.* 45; *McCalla* v. *American Freehold Co.*, 90 *Ga.* 113.

It might be said, however, that the paper in question in this case not being required by law to be under seal, there could be parol authority to execute it. Political Code, § 4, par. 7. This question is completely disposed of by Judge Stephens in the case of *Rowe* v. *Ware*, cited supra, where he uses this language: "But it was said that the bond need not have been under seal, though in point of fact it was so, and therefore the seal might be disregarded. Not so. The question was whether Taylor had authority to sign the names of Hooks and Herndon to this bond as it is—*sealed* as it is. Whether a bond without a seal

(to use, for convenience, a short but inaccurate phrase) would be valid, has nothing to do with the case, for there was no such paper in the case."

*Judgment reversed. All the Justices concurring.*