COHEN <em>v.</em> LASKY.

Where goods were expressed C. O. D. by a vendor in another State to a vendee in this State, which were entirely different from those embraced in the contract of sale, and the amount of the C. O. D. charges were paid by the vendee to whom the goods were delivered by the express company; and where immediately upon the discovery of the fraud or mistake the vendee tendered back the goods to the express company, and notified the vendor by letter of his action, the vendor being a non-resident and not accessible, an action by attachment will lie in favor of the buyer against the seller for the purchase-money paid for the goods, without any further tender or offer of rescission.

Argued January 26, — Decided March 3, 1898.

Attachment — appeal.    Before Judge Falligant.    Chatham superior court.    June term, 1897.

*Alexander A. Lawrence*, for plaintiff in error.
*Robert M. Hitch*, contra.

LEWIS, J. · It appears from the record, that Lasky, a Savannah merchant, went to New York to purchase goods. On June 3, 1895, at the place of business of one Mrs. Cohen, in New York City, he purchased from her business manager 24 coats and vests and a dozen pairs of trousers, at stated prices, selecting the goods himself. He paid the seller, at the time of the purchase, $10.00, and agreed to pay the balance upon the delivery of the goods at Savannah. Subsequently, said manager with whom the transaction was had told Lasky that the articles purchased had been shipped him. On August 17, Lasky took from the express company's office in Savannah a

package of goods which had been shipped to him by Cohen C. O. D. With the goods came a bill in which he was charged for coats, vests and pants at the prices agreed upon. He paid this bill to the express company, carried the package to his store, and, according to his contention, found the goods were different from those ordered; they were boy's clothes, cotton. summer clothes, some of which were damaged, while the ones he ordered were men's winter clothes. He immediately wrote a letter to Cohen, and went to the express company's office and asked the agent to give him back his money, and said he would give him the clothes. The agent declined to give him the money, but said he would hold it until he could hear from Cohen in New York. Lasky then sued out an attachment against Cohen for an alleged indebtedness of $81.60, and served a garnishment upon the express company. This he did within 15 minutes after he had seen the goods. The case was tried in the superior court on appeal from a justice's court, and a verdict was rendered in favor of the plaintiff for the amount sued for. After suit was brought, plaintiff went ·to defendant's attorney and tried to get him to take the goods, which he declined to do. Upon the trial of the case there was evidence for the defendant that the goods shipped were the identical goods that were ordered and selected by the plaintiff, and were reasonably worth the price paid ·by him. The defendant made a motion for a new trial, upon several grounds; but the controlling question which we are called upon to adjudicate is whether or not, under the facts of this case, an action by attachment will lie in favor of the buyer against the seller for the purchase-money paid for the goods, without any further tender or offer of rescission than as above stated.

The only material conflict in the testimony in this case arose upon the contention of the defendant in error, that a fraud had been practiced upon him by the vendor sending him goods which were entirely different from those ordered in the contract of sale, and that he was thereby fraudulently induced to part with his money for something that was never purchased by him. This issue the jury decided in favor of the defendant in error; and their finding not being contrary to the evidence, it

is necessary to consider this case upon the vendee's theory of the facts, and determine whether or not, under this theory, he had a legal right to recover in this suit. It is contended by counsel for plaintiff in error that when a vendee rescinds a sale, he must, as a condition precedent to the bringing of a suit, place the vendor in statu quo by offering to return to him whatever of value he has received under the sale before the suit was begun. As a general abstract proposition of law this is correct. Suits of this kind often arise where it is claimed by the vendee that there has been a breach of warranty, either express or implied, and he seeks a rescission of the contract by suing for the purchase-money of the goods. He, of course, can not recover back in such an action the entire purchase-money paid for the goods and at the same time retain possession of the goods delivered, provided they are of any value whatever. But the case we are now considering is of a different character. It is not an action based upon a right to rescind a contract, but a suit to recover back money fraudulently obtained by a party who has never made any effort to comply with the terms of the contract. Here it is claimed by the defendant in error that the goods which were delivered to him were never ordered by him, but were an entirely different class of articles from that embraced in his contract of purchase. He had bought one thing; the vendor sent to him another and an entirely different thing. He further claims that the articles received were of much less value than those he purchased; but even if this were not the case, it did not deprive the purchaser of his right to stand upon his original contract, and insist upon the delivery of the goods he ordered, or a refunding of the purchase-money he paid therefor. We do not mean to say in this case that he will be allowed to recover back the purchase-money and also to keep the goods shipped to him. This he does not attempt to do. While ordinarily, as above seen, the goods should have been tendered back to the owner, yet the law does not require a party, before asserting his legal rights, to do either an impossible or an unreasonable thing. Suppose, for instance, at the time of the institution of this action in the court below the vendor was a resident of the county of Chatham, but was

absconding, and on this account it was impossible for the plaintiff to make any tender to him of the goods received; would it be argued from this fact that he was thereby barred of all right of action? In the case of Johnson v. Frew, 33 Hun, 193, it was held that the fact of defendant absconding and putting himself beyond the reach of plaintiff would relieve the latter of making any restitution or offer to rescind before bringing his action. In this case the defendant below was a non-resident. By her fraudulent conduct the plaintiff was induced to pay to the express company the purchase-money for the goods. It was impossible or impracticable for the plaintiff to make any direct tender of the goods back to the owner without incurring such delay as would probably deprive him of the right of bringing his action in the courts of this State for a redress of his wrongs. In such cases the courts will not force one of its citizens to seek relief in the courts of a foreign jurisdiction. Immediately upon the discovery of the fraud, the plaintiff did all in his power toward a restitution of the articles received, by tendering them back to the express company, being the agency selected by the defendant for their delivery. It appeared that the vendor had no other agent in this State, and it further appeared that, immediately upon the employment of counsel by the vendor, a like tender was made to this attorney. We conclude, in the light of all the circumstances of this case, that neither reason, law nor justice would require the plaintiff to take any further steps before seeking the remedy allowed him by the laws of his own State against a manifest violation of his legal rights. *Judgment affirmed. All the Justices concurring.*