## 6981

### LAWRENCE v. LAWRENCE.

DEMURRER—MOTION TO MAKE DEFINITE.—The right to demur to a complaint for defect of parties is not waived or lost by a motion to have complaint made more definite and certain, but amended complaint may be demurred to, although the motion to make definite did not relate to the point on which demurrer was based, and the defect in the amended complaint appeared on the face of the original. *Section 167 Code of Procedure construed.*

Before HYDRICK, J., Charleston, March, 1908. Affirmed.

Action by J. M. Lawrence, S. G. Lawrence, Nellie Lawrence Orr *et al.* against E. Charlotte Lawrence, in her own right and as administratrix of Joseph S. Lawrence, and Charleston Consolidated Railway, Gas and Electric Company. From order dismissing rule against clerk, plaintiffs appeal on the following exceptions:

1. "Because his Honor erred in refusing to require the clerk to put the above case on Calendar No. 3, for judgment by default, as provided by sec. 267 of the Code of Civil Procedure of this State, in that it appears that the complaint was amended, and that the defendants failed to answer the same within twenty days after the service thereof.

2. "Because his Honor should have held, that where it appears on the face of the original complaint, the capacity in which the plaintiffs were then suing, that the defendants should have demurred for such defect, for the want of legal capacity to sue within twenty days after the service thereof, and, failing to do so, such ground was waived.

3. "Because his Honor should have held, that when a motion is noted to have the complaint made more definite and specific with reference to certain allegations of fraud, looking towards the perfection of the pleadings on the merits, that they thereby waived their rights to interpose a demurrer on the ground that the plaintiffs did not have legal capacity to sue.

4. "Because his Honor should have held, that where a complaint is amended in response to a motion to perfect the same on the merits, that the defendants must answer within twenty days after the service of such amended complaint, as provided by sec. 167 of the Code, and having failed to do so, the plaintiffs were entitled to judgment by default.

5. "Because his Honor should have held, that the plaintiffs were entitled to have this case put on Calendar No. 3, where it appears, as in this case, both on the face of the original and amended complaint, that the plaintiffs are suing as heirs and distributees at law of Mary S. Lawrence, deceased, that the defendants should have demurred within twenty days after the service of the original complaint, upon the ground that the plaintiffs had not legal capacity to sue, and, having failed to do this, such ground of demurrer was waived under sec. 169 of the Code.

6. "Because his Honor should have held, that where a pleading is amended, and the same infirmity appears both on the face of the original and amended complaint, and the defendants do not demur to the original complaint, that they are thereafter estopped from interposing a demurrer to the amended complaint on the same ground, and should have adjudged the defendants in default.

7. "Because his Honor erred in discharging the rule to require the clerk to put this case on Calendar No. 3, for that it appeared that the plaintiffs were suing as the heirs and distributees at law of Mary S. Lawrence, and no demurrer having been taken to such imperfection, or want of capacity to sue within twenty days after the service of the original complaint, that the objection to the capacity in which the plaintiffs were suing was thereby waived and the demurrer in this case came too late, and his Honor should have awarded judgment by default."

*Messrs. W. A. Holman, R. A. Ellis, R. C. Holman* and *D. J. Baker,* for appellants.

*Mr. Holman* cites: Code of Proc., 167, 169; Rule XX, Circuit Court; 47 S. C., 66; 6 Ency. P. & P., 374.

*Messrs. Henry Buist, James Simons, J. K. P. Bryan* and *T Moultrie Mordecai,* contra, cite: Rule XX, Circuit Court; Code of Proc., 164, 165, 167, 181, 193; 53 S. C., 581; 50 S. C., 65; 2 Waite's Prac., 509; 34 S. C., 270; 43 S. C., 224; 44 S. C., 46; 70 S. C., 108.

July 28, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement is set out in the record:

"The above entitled action was commenced on the 7th day of November, A. D. 1907, by the service of the summons and complaint, and within twenty days after the service thereof the defendants gave notice to have the complaint amended in the eighth paragraph, by making the same more definite and specific as to the charges and allegations of fraud contained therein; said motion came on and was heard before his Honor, Judge Gage, within twenty days, and his Honor granted the motion and required the complaint to be amended in pursuance of such notice. The plaintiffs were given until the 13th day of December, 1907, to serve such amended complaint. That on the 11th day of December, 1907, the plaintiffs served their amended complaint, in compliance with the order of Judge Gage. That on the 30th day of December, 1907, the defendants served on the plaintiffs a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action, in that it did not appear that administration had been taken out by any of the parties on the estate of Mary S. Lawrence; and, secondly, that the plaintiffs did not have legal capacity to sue—all of which will be more fully set forth hereafter. The plaintiffs returned the demurrer, on the ground that the same was waived when the defendants failed to demur within twenty days after the service of the

original complaint, when it appeared upon the face thereof the capacity in which the plaintiffs were suing; and, furthermore, that the amended complaint should have been answered within twenty days after the service thereof. The plaintiffs requested the clerk of the court to put the case on Calendar No. 3, for judgment by default, which was refused, and a rule was taken out against the clerk to require him to put the case on Calendar No. 3, for judgment by default, as required by section 267 of the Code; but, after hearing the return to the rule, his Honor, Judge Hydrick, refused to grant the relief asked for and dismissed the rule."

The plaintiffs appealed upon exceptions which will appear in the report of the case.

In different form they raise the question whether the defendants had the right to demur to the amended complaint on the ground that there was a defect of parties, when it was shown that more than twenty days had elapsed after service of the original complaint.

In other words, whether the defendants waived the right to demur by making a motion that the complaint be made definite and certain, in a particular not affected by the amendment. Section 181 of the Code provides that "when the allegations of a pleading are so indefinite and uncertain that the precise nature of the charge or defense is not apparent, the Court may require the pleading to be made definite and certain by amendment."   .

Rule XX of the Circuit Court is as follows: "Motions to strike out of any pleading matter alleged to be irrelevant or redundant, and motions to correct a pleading on the ground of its being 'so indefinite or uncertain that the precise nature of the charge or defense is not apparent,' must be noticed before demurring or answering the pleading, and within twenty days from the service thereof."

Sections 164 and 167 of the Code are as follows:

Section 164. "The only pleading on the part of the defendant is either a demurrer or an answer. It must be

served within twenty days after the service of the copy of the complaint." '

Section 167. "If the complaint be amended a copy thereof must be served upon the defendant, who must answer it within twenty days or the plainthiff, upon filing with the clerk due proof of the service and the defendant's omission, may proceed to obtain judgment, as provided by section 267."

The foregoing provisions must be construed, if possible, so as to give effect to all.

A motion to make the complaint definite and certain is not a pleading; nor is it an alternative remedy for the demurrer or answer.

The object of the motion to require the party to make his pleading definite and certain is to enable the opposite party to demur, answer or reply intelligently, and, of course, such motion should be made or noticed, or the right reserved, before the time for answering or demurring has expired. *Smith* v. *Smith*, 50 S. C., 54, 27 S. E., 545; *Whaley* v. *Lawton*, 53 S. C., 580, 31 S. E., 660; *Allen* v. *Cooley Co.*, 60 S. C., 353, 38 S. E., 622.

The appellant's attorneys contend that section 167 of the Code only permits an *answer* to an amended complaint.

This section is found in the chapter which treats of the demurrer, and contemplates the amendment of the complaint allowed by the Court, after there had been a demurrer, as in the case of *Bischoff* v. *Blease*, 20 S. C., 460. This construction gives effect to all the foregoing sections of the Code, and to Rule XX of the Circuit Court.

It is the judgment of this Court that the order of the Circuit Court be affirmed.