1816.   DALTON BUGGY CO. *v.* WOOD, SON & BRO. *et al.*

1. Parol authority to sign a sealed instrument is not sufficient for that purpose, if the principal is absent at the execution of the instrument. And even though the instrument which the agent signs need not be under seal, yet if it is in fact executed and signed as a sealed instrument, it is invalid, unless its execution was authorized by a writing under the seal of the principal.

2. The principal's ratification of the act of his agent in executing a sealed instrument in behalf of the principal and in his absence must be by writing under seal.

3. As between principal and agent, ratification relates back to the act of the agent which is ratified, but the ratification does not affect antago·nistic rights of others acquired between the unauthorized act and its ratification.

Levy and claim; from city court of Dalton—Judge Glenn. March 13, 1909.

Argued June 9, 1909.—Decided February 25, 1910.

*F. K. McCutchen,* for plaintiff.    *J. M. Rudolph,* contra.

RUSSELL, J.  In this case an attachment was sued out against A. J. Mauldin on a note in favor of the Dalton Buggy Company. Notice of the attachment was served on the defendant, and a general judgment was entered by the court.    The attachment was levied on certain personal property subsequently to the date of a bill of sale or assignment executed by A. Mauldin, purporting to be the agent of A. J. Mauldin, under seal, which instrument purported to convey to certain creditors of A. J. Mauldin his interest in the property.    No written authority was produced which authorized A. Mauldin, as agent for A. J. Mauldin, to sign the paper, nor is there in the record any evidence that his act has even been ratified in writing by A. J. Mauldin.    The defendants in error interposed a claim, based upon this instrument, and, upon the trial of the case, the jury found the property not subject to the levy.    The plaintiff filed a motion for new trial, on various grounds, and exceptions are taken to the judgment refusing a new trial.    We omit · discussion of several of the assignments of error, for the reason that we feel sure that one error to which our attention is called in the record required a reversal òf the judgment refusing a new trial.

1.  It is immaterial whether the instrument in question be considered as a deed of assignment or as a bill of sale for the purpose of securing the indebtedness due to the creditors named therein.    If the paper signed by A. Mauldin, as agent for A. J. Mauldin, be considered as an assignment, it is fatally defective in several respects.    As a debtor may, in the absence of fraud, prefer one creditor to another, we will, for the purposes of the case, treat the instrument in question as a bill of sale executed for the purpose of securing valid and subsisting debts due by the debtor to the

creditors named therein. But viewed even in this light, the evidence did not authorize a recovery in behalf of the claimants, because the instrument in question, upon the validity of which alone the title of the claimants depended, was not shown to have been legally executed; for there was no proper evidence of the authority of A. Mauldin to execute it. The writing signed by A. Mauldin, as agent for A. J. Mauldin, is under seal. The authority to sign a sealed instrument in behalf of another must -be conveyed to the latter in a writing itself under seal, unless the agent signed in the presence of the principal by his verbal direction. In this case the evidence is undisputed that A. J. Mauldin was not present at the time his father executed and signed the alleged bill of sale, and that A. J. Mauldin's authorization to his father to sign the instrument was verbal only. Even where the instrument itself is not required to be under seal, if it is in fact executed under seal, agency to execute it can only be conferred in writing under seal. The exact point was decided in *Rowe* v. *Ware*, 30 *Ga.* 278, in which Judge Stephens, delivering the opinion, said: "His evidence, which was ruled out, was only proof of the *verbal* authority to sign the bond. The court has before held that the authority under seal is necessary to authorize an agent to sign a sealed instrument. Whether the rule be a reasonable one or not is not the question; it is too firmly fixed in the law to be disturbed by courts. It is a case for the legislature only. But it was said that the bond need not have been under seal, though in point of fact it was so, and therefore the seal might be disregarded. Not so. The question was whether Taylor had authority to sign the names of Hooks and Herndon to this bond as it is—*sealed* as it is. Whether a bond without a seal (to use, for convenience, a short but inaccurate phrase) would be valid has nothing to do with the case, for there was no such paper in the case. If Taylor ever signed such an one, we know nothing of it. Was he legally authorized to sign the bond? is the question. He was not, and therefore this bond does not bind them." This ruling was reaffirmed in *Pollard* v. *Gibbs*, 55 *Ga.* 47, and again in *Overman* v. *Atkinson*, 102 *Ga.* 750 (29 S. E. 758), in both of which cases the pointed language of Judge Stephens was quoted. See also *Hayes* v. *Atlanta*, 1 *Ga. App.* 28 (57 S. E. 1087), in which this court held that even though the contract did not have to be under seal, yet if it was executed under

seal by an agent, then the agent's authority to execute it must have been under seal. *Van Dyke* v. *Van Dyke,* 123 *Ga.* 690 (51 S. E. 582).

2. The claimants sought to show that the act of the agent in executing the contract in question had been ratified by A. J. Mauldin, the principal; and the latter so testified upon the trial. This testimony, however, was incompetent and inadmissible for the purpose of proving ratification. In *Pollard* v. *Gibbs,* supra, as well as in *McCalla* v. *American Freehold Co.,* 90 *Ga.* 113 (15 S. E. 687), it was held that where the act of the agent is required by law to be under seal, the ratification also must be under seal. There is in this record no evidence that A. J. Mauldin so ratified the act of A. Mauldin in executing the writing in question. Even if the bill of sale had not been under seal, it was in writing, and the authority to the agent to execute must have been in writing; and by the writing only could it have been ratified.

3. Aside from this, the writing in this case can not be vitalized by the testimony of A. J. Mauldin and others that he had ratified the execution of the bill of sale; because if the act of the agent was unauthorized on November 20, 1907,—the time that the attachments were levied and the lien of the plaintiff in error upon the property had attached,—the ratification of the principal thereafter could not in any wise affect or prejudice the rights of the attaching creditor, even if the principal had ratified the agent's act under seal. If he did so subsequently to the levy of attachment, the ratification would not affect the attaching plaintiff's lien. As between principal and agent, ratification relates back to the act ratified; but this ratification will not affect the rights of others, antagonistic to his, which may have been acquired between the time of the act originally unauthorized and its ratification.

So that both for the reason that the act of A. Mauldin in executing the bill of sale was not legally shown to have been authorized, and for the reason that the evidence showed that it had not been ratified at the time the lien of the attaching creditor attached, the verdict was without evidence to support it, and the court erred in charging, without qualification, "that whatever legal right a man can do, he can delegate that right to another to perform for him; and I charge you that Jack Mauldin had the right to have his father, A. Mauldin, act for him and in his stead. I charge you

further that when he, Jack Mauldin, returned to this State, that he had a right, under the law, to adopt and approve what his father had done for him." This charge was error because the evidence failed to show any authority to A. Mauldin, under seal, to execute the instrument, and likewise failed (inasmuch as the bill of sale was under seal) to show, so as to affect the rights of the plaintiff, that the bill of sale had been legally ratified.

*Judgment reversed.*