### 10771, 10794.   SNELLGROVE *v.* DINGELHOEF;
### and *vice versa.*

1. An executed sale may be rescinded on account of actual fraud; and, since fraud voids all contracts, no title to the property passes under such sale. Also, under a contract of sale where the property actually delivered is materially different from that contracted for, its acceptance by the buyer in ignorance of such material difference constitutes no sale, and no title passes. In either case the buyer may, upon the discovery of the fraud, rescind the contract of sale, and, upon making or offering restitution, recover from the seller the purchase-money which has been paid to the seller.

2. Where a seller agrees with a buyer to sell to the latter a new automobile, and afterwards, in pursuance of this agreement, and upon receipt of the purchase-price, delivers to the buyer a second-hand automobile, which has been repainted and worked over to resemble one that is new, with intent to deceive the buyer, such conduct on the part of the seller may amount to actual fraud, and the buyer, having been deceived thereby, may upon discovery of the fraud rescind the sale; and, upon restoring or offering to restore the property to the seller, the buyer is entitled to recover the purchase-money paid to the seller.

DECIDED MAY 12, 1920.

Complaint; from Fulton superior court — Judge Bell. June 14, 1919.

Snellgrove contracted with Dingelhoef for the purchase of an automobile, but no particular automobile was selected at the time. It was expressly agreed and understood that a new automobile was later to be delivered. In pursuance of this agreement Dingelhoef later, on receipt of the purchase-money from Snellgrove, delivered to the latter's representative an automobile which Snellgrove received while ill, but after his recovery and after using the automobile, he discovered, on close inspection, that, instead of being a new one as contracted for, it was an old or second-hand one, repainted and worked over to resemble a new one. Snellgrove immediately upon this discovery tendered it back to Dingelhoef and demanded of him the return of the purchase-money. Dingelhoef refused to accept the automobile or to return the purchase-money.

Snellgrove thereupon brought suit to recover the money. Upon the trial of the case, the evidence having shown the foregoing state of facts, the judge nonsuited the plaintiff; and the plaintiff excepted. The petition, which alleged substantially the same facts, was sustained as against the defendant's general demurrer, and he excepts by cross-bill.

*Hines, Hardwick & Jordan,* for plaintiff.

*Little, Powell, Smith & Goldstein, W. J. Davis Jr.,* for defendant.

STEPHENS, J. (After stating the foregoing facts.)

No title passes to the vendee where an executed sale of personal property has been induced by actual fraud on the part of the seller. *Johnson* v. *Harley,* 121 *Ga.* 83 (48 S. E. 685), and cases there cited. "Fraud voids all contracts." Civil Code (1910), § 4254. "Fraud may exist from misrepresentation by either party, made with design to deceive, or which does actually deceive the other party; and in the latter case such misrepresentation voids the sale. . . Such misrepresentation may be perpetrated by acts as well as words, and by any artifices designed to mislead." . . Civil Code (1910), § 4113. "Concealment of material facts may in itself amount to a fraud . . where one party knows that the other is laboring under a delusion with respect to the property sold or the condition of the other party, and yet keeps silent," or "where the concealment is of intrinsic qualities of the article which the other party, by the exercise of ordinary prudence and caution, could not discover." Civil Code (1910), § 4114. "Where one party to a contract of sale knows that the other is laboring under a delusion or mistake with respect to a material fact affecting the value of the property, and not only keeps silence with respect thereto, but, by artifice, adds color and credence to the delusion or mistake, he is guilty of fraud equivalent to an express misrepresentation." *Marietta Fertilizer Co.* v. *Beckwith,* 4 *Ga. App.* 245 (1) (61 S. E. 149).

While the fraud must arise out of a false representation of an existing fact, such representation may at the same time be a warranty. *Larey* v. *Taliaferro,* 57 *Ga.* 443; *Dye* v. *Wall,* 6 *Ga.* 684; *Newman* v. *Claflin Co.,* 107 *Ga.* 89, 93 (32 S. E. 943); 14 Am. & Eng. Ency. Law (2d ed.), 168. While a breach of warranty will not annul an executed sale (Civil Code of 1910, § 4136), yet where

the warranty also amounts to a fraud, which voids all contracts, such sale may be annulled and rescinded. Whether or not the defendant warranted the automobile to be a new one, he certainly, by his conduct in delivering to the plaintiff an automobile repainted and worked over to resemble a new one and which deceived him, represented the automobile which he sold as being new. This was a false representation of an existing fact; and, if it was material and induced the plaintiff to accept something entirely different from that which he had contracted for, it clearly was a fraud which, upon its discovery and a tender of the property back to the seller, entitled the plaintiff to rescind the trade and recover the purchase-money. See, in this connection, *Silvey* v. *Tift*, 123 *Ga.* 804 (51 S. E. 748, 1 L. R. A. (N. S.) 386; *Hoyle* v. *Southern Saw Works*, 105 *Ga.* 123 (31 S. E. 387); *Cohen* v. *Lasky*, 102 *Ga.* 846 (30 S. E. 531); *East Tennessee &c. Ry. Co.* v. *Hayes*, 83 *Ga.* 558, 560 (10 S. E. 350).

Where the plaintiff contracts to buy one thing and the vendor delivers to him a thing entirely different, there is no contract of sale as respects the property actually delivered, and therefore no passing of the title to such property. In Varley *v.* Whipp (1900), 1 Q. B. 513, "the plaintiff agreed to sell and the defendant to buy a reaping machine, which the defendant had never seen, and which the plaintiff stated to have been new the previous year, and to have been used to cut only fifty or sixty acres. The machine was delivered and shortly afterwards the defendant wrote complaining that it did not correspond with the plaintiff's statements. After some further correspondence the defendant returned the machine. In an action to recover the price: Held, that there was a contract for the sale of goods by description, within the meaning of the Sale of Goods Act, 1893, s. 13, and therefore, by that section, there was an implied condition that the goods should correspond with the description, that there had been no acceptance of the machine by the defendant, within the meaning of s. 35, that the property had not passed to the defendant, within the meaning of s. 17, and the plaintiff was not entitled to recover." Channell, J., in the opinion, said: "The case turns on a fine point, namely, whether the words used by the seller with regard to the machine were part of the description, or merely amounted to a collateral warranty. If the property in the machine passed prior to July 2 [the date upon which the buyer undertook to re-

scind the sale], nothing that the buyer could do afterwards would divest it. The question is, did the property pass? The machine which was to be sold had never been seen by the buyer, and it was not the property of the seller at the time. It was described as being at Upton, as being a self-binder, as being nearly new, and as having been used to cut only about fifty or sixty acres. All these statements were made with regard to the machine, and we have to consider how much of these statements was identification of the machine, and how much was mere collateral warranty. . . Then when did the property pass? Not when the machine was put on the railway, for the vendor could not make the property pass by putting on the railway that which did not fulfil the implied condition. The earliest date therefore at which the property could be said to pass would be when the machine was accepted by the purchaser. But it never was accepted." While the sale in that case was one by description under the " Sale of Goods Act," we think the principle there laid down is applicable to the case now under consideration. In Cushman Motor Works of Canada *v.* Laing, 49 D. L. R. (1919) 1, it was held: " It being a condition of the sale that a threshing engine shall be a 25 h.p. engine, the purchaser is entitled to have the contract rescinded and the deposit returned to him upon the admission of the vendor, in an action brought by him to recover the balance of the purchase price, that the machine was in fact a 22 h.p. standard machine, although the purchaser has retained and used the machine through two seasons upon the vendor's continued assurance that he would put it in good working order, if the purchaser did not know until the trial that the machine was not in fact a 25 h.p. machine such as he had contracted to purchase." See also 33 Harvard Law Review, 602, note; 16 Id. 465 et seq.

The trial judge erred in granting a nonsuit, and properly overruled the defendant's general demurrer to the petition.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. Smith, J., concurs. Jenkins, P. J., concurs specially.*

JENKINS, P. J.   While I concur in the judgment arrived at in this case, the reasons which control such a conclusion do not appear to altogether coincide with the views expressed by the majority members of the court, especially in the first division of the

syllabus. In many jurisdictions even an executed contract of purchase and sale may be rescinded on account of a mere breach of warranty. See Williston on Sales, § 608. But the law of this State as embodied in § 4136 of the Civil Code provides that " a breach of warranty, express or implied, does not annul the sale if executed, but gives the purchaser a right to damages. It may be pleaded in abatement of the purchase-money. If the sale be executory, it is a good reason for the purchaser to refuse to accept possession of the goods." Thus, it has been held both by the Supreme Court and by this court that, in the absence of such fraud as would vitiate the contract, the mere breach of a warranty, expressed or implied, will not authorize a rescission of an executed contract, but leaves the purchaser to his remedy for damages. *Clark* v. *Neufville,* 46 *Ga.* 261; *Woodruff* v. *Graddy,* 91 *Ga.* 333 (17 S. E. 264, 44 Am. St. Rep. 33) ; *Pound* v. *Williams,* 119 *Ga.* 904 (47 S. E. 218) ; *Fudge* v. *Kelly,* 4 *Ga. App.* 630 (62 S. E. 9). I cannot, therefore, concur in the unqualified statement contained in the first division of the syllabus, that " under a contract of sale where the property actually delivered is materially different from that contracted for, its acceptance by the buyer in ignorance of such material difference constitutes no sale, and no title passes." The writer's understanding of the law in such cases is, that, if the defects or discrepancies in the article tended are patent, such as might have been discovered by the exercise of ordinary care and prudence, then acceptance by the purchaser, in the absence of fraud, will operate as an absolute waiver on his part even of a claim for damages growing out of an implied warranty, but that such mere acceptance will not prevent his making a claim for damages arising out of an express warranty. But, no matter whether the warranty be express, as it is here, or whether it be only such as is ordinarily implied by law, in neither case, after delivery and valid acceptance has been made, and the contract has thus become executed, can it be rescinded and annulled merely because the goods do not come up to the specifications of the sale agreement. *Cook* v. *Finch,* 117 *Ga.* 541 (44 S. E. 95) ; *Battle* v. *Livingston,* 21 *Ga. App.* 809 (95 S. E. 314). Fraud will authorize such a procedure. Fraud on the part of the vendor, whereby the purchaser was deceived and misled either into making the contract itself or into accepting delivery thereunder, will authorize a

rescission, but it is not my understanding that fraud can be proved, or will be inferred, merely by showing that "the property actually delivered is materially different from that contracted for."

In the instant case the contract was not for the purchase of a particular car, but merely for a particular kind of car. The defendant obligated himself to furnish the plaintiff a new car of a certain make and designated model and at a specified price. The contract itself, thus complete in every essential detail, was not induced by any sort of fraudulent representation. No misstatement of any existing fact induced the making of the contract. According to the plaintiff's evidence it was upon the subsequent pretended fulfillment of the defendant's obligation that fraud was practiced upon him. He is really not seeking to rescind a contract fraudulent within itself, but has set up a fraudulent breach in its subsequent execution, whereby he, the buyer, was wrongfully deceived into an acceptance which, for this reason, he contends is invalid. While, under the law, a mere breach of a contract executed by delivery and valid acceptance does not afford good ground for a rescission, still an acceptance which has itself been induced by fraudulent means and deceitful practices should not preclude his right to a rescission. In other words, in order for the acceptance to be binding, as such, upon the purchaser, it too must have been freely and voluntarily made, and must not have been brought about by the practice of fraud.

It is possible to go further than is required in this case, and say that an acceptance on the part of the purchaser is an altogether different thing from a tender on the part of the seller. It may often happen that the seller necessarily transfers physical possession of the goods from himself to the buyer in what amounts to nothing more than a tender. This I understand to be the theory upon which the cases of *Cohen* v. *Lasky,* 102 *Ga.* 846 (30 S. E. 531), and *Armsby Co.* v. *Shewmake,* 113 *Ga.* 1086 (39 S. E. 473), were decided. In the first case the goods were shipped C. O. D., and were immediately rejected upon opportunity to inspect. In the latter case it is expressly stated that no acceptance had been made. But if upon such a tender the seller, with opportunity to inspect, as in this case, accepts the goods, as was done here, even though they contain latent defects of which he was entirely ignorant, he thereupon loses all right to rescind and recover back the

purchase-money, as such, but must rely solely upon his claim for damages under the express terms of the contract, unless it be that fraud has been practiced upon him either in the making of the contract as to an existing fact, or in the execution of the contract, whereby he was wrongfully and fraudulently induced to make the acceptance. In other words, where the contract is untainted with fraud, and where once the goods are fairly accepted by the purchaser, as in fulfilment of the sale agreement, no amount of ignorance on his part that the article was in fact materially different from that contracted for would authorize him to go behind the executed contract, but he is limited to such rights as he may have to an enforcement of the contract itself. In this case, the discrepancy complained of relates to words in the contract descriptive of the quality or variety of the subject-matter of the sale, and, as such, they must be taken as warranties. *Miller* v. *Moore,* 83 *Ga.* 684 (70 S. E. 360, 6 L. R. A. 374, 20 Am. St. Rep. 629) ; *Americus Gro. Co.* v. *Brackett,* 119 *Ga.* 489 (46 S. E. 657) ; *Henderson Elevator Co.* v. *North Georgia Milling Co.,* 126 *Ga.* 279 (55 S. E. 50). Presumptively the contract is an executed one, since an executed contract is one in which the object of the contract is performed, as where each does what each assumes to do, and nothing remains for either to do. Civil Code (1910), § 4217; *Adams* v. *Barrett,* 5 *Ga.* 415. Thus, the contract in this case being one for the purchase and sale of a described kind and character of automobile, and the purchase-price thereof being fixed, and the purchaser, through his agent, having subsequently paid the purchase-price and apparently accepted delivery of the car upon actual inspection, or full opportunity to do so, the original contract of sale would seem prima facie to have become completely executed (*Butler* v. *Lawshe,* 74 *Ga.* 352). Especially is this true where, as in this case, full rights of ownership, use, and control were exercised and retained by the purchaser for several weeks after such acceptance. The fatal defect in the defendant's case, as now presented, lies in the fact that, according to the plaintiff's evidence, the acceptance, while apparently made with full opportunity to inspect, may have been, in fact, not so, because of the alleged artful means and deceitful practices perpetrated by the defendant at the time of the delivery, whereby the plaintiff was fraudulently misled and deceived into unknowingly receiving and accepting a car which he had a right to reject,

and which we may assume, had he not been fraudulently deprived of a fair opportunity to inspect, would have been rejected. The seller should not be permitted to stand upon the execution of a contract by taking advantage of an apparent acceptance which the buyer repudiates and which he contends was fraudulently procured by artful means and deceitful practices. Since the case was determined on nonsuit, and must be considered entirely in the light of the plaintiff's evidence, I concur in the judgment of reversal, for the reason indicated.