## WILLIAMS *et al. v.* HIGGASON *et al.*

No. 16640. May 12, 1949.

*Ernest H. Stanford,* and *Frank A. Bowers,* for plaintiffs in error.

*T. M. Smith* and *MacDougald, Troutman, Sams & Branch,* contra.

DUCKWORTH, Chief Justice. (After stating the foregoing facts.) No question is raised as to whether there be a misjoinder of causes of action or of parties plaintiff and defendant. Hence, the petitioners are entitled to pursue any cause of action which the petition asserts against either or both of the defendants. After alleging a joint perpetration of fraud upon the part of the defendants, mother and daughter, in colluding with each other in an arrangement whereby the mother, Mrs. B. S. Williams, would pose as and represent herself to be the landlord of the premises in question and collect excessive rents, the legal title being meanwhile fraudulently held in the name of the daughter, Miss Mary Inez Williams, so that the property might not be subjected to any judgment against the mother, it is prayed that the legal title be decreed to be in the mother and the property be subject to the judgment already obtained against the mother for the amount of the excess of rents. If upon the trial the evidence be sufficient to show that the mother is really the owner of the property, a decree of title in her would be authorized as prayed, thus rendering the property subject to the judgment already obtained against the mother. Under the Federal Housing and Rent Act of 1947, as amended March 30, 1948, c. 161, Title II, § 204, 62 Stat. 98, 50 U. S. C. A., Supp. (1949), § 1899, a tenant may not, subject to certain exceptions not here involved be evicted so long as he continues to pay the rent to which the landlord is entitled. It is alleged that the petitioners have each recovered a judgment for the excess paid in rents in an amount which is the equivalent of several months' rent as authorized by the Federal Housing Expediter. If, therefore, a decree of title be entered in the mother, the petitioners would in equity be entitled to an injunction against Mrs. Williams, as prayed, restraining her as the real owner from instituting any dispossessory proceeding while the judgment remains unsatisfied and the unpaid rentals are not in excess of the amount of the judgment as to each petitioner. If at the time of the trial the judgments for the excess in rents are still more than the amount of any unpaid rents, the petitioners would be entitled to a decree that they be permitted to con-

tinue their occupancy of the respective apartments and apply against the rents the amounts of their judgments, provided that they do not seek recovery of their judgments by subjecting the property to levy and sale.

Since the petitioners are not estopped to dispute the title of Mrs. B. S. Williams as landlord because, as alleged, their attornment to her was superinduced by misrepresentations (*Tison* v. *Yawn*, 15 *Ga.* 491 (7) (60 Am. D. 708); 51 C. J. S. 935, § 279), in the event the evidence establishes that the daughter, Mary Inez Williams, is actually the owner of the property, and the allegations about to be mentioned are proved upon the trial, a decree may be entered against her in the following respects. It is alleged in one theory of the case that she is the real owner and merely used her mother as a blind in collecting the rents as landlord, and that she received the rents from her mother, all being in excess of the amounts fixed by the Housing Authority. In such circumstances it appears that the petitioners have sued the wrong person heretofore for collection of the excess in rents; and while the suit against the mother and the judgment therein would not preclude them from seeking a similar judgment against the daughter as the real owner (Code, § 3-114), there is no such attempt here made. The only money judgment sought against her is for a penalty because of her alleged violation of the Housing and Rent Act of 1947, as amended (50 U. S. C. A., Supp. (1949), § 1895), which provides as follows: "Any person who demands, accepts, or receives any payment of rent in excess of the maximum rent prescribed under section 204 [section 1894 of this Appendix] shall be liable to the person from whom he demands, accepts, or receives such payment, for reasonable attorney's fees and costs as determined by the court, plus liquidated damages in the amount of (1) $50, or (2) three times the amount by which the payment or payments demanded, accepted, or received exceed the maximum rent which could lawfully be demanded, accepted, or received, whichever in either case may be the greater amount: Provided, that the amount of such liquidated damages shall be the amount of the overcharge or overcharges if the defendant proves that the violation was neither wilful nor the result of failure to take practicable precautions against the occurrence of the violation. Suit to recover such

amount may be brought in any Federal, State, or Territorial court of competent jurisdiction within one year after the date of such violation. For the purpose of determining the amount of liquidated damages to be awarded to the plaintiff in an action brought under this section, all violations alleged in such action which were committed by the defendant with respect to the plaintiff prior to the bringing of action shall be deemed to constitute one violation, and the amount demanded, accepted, or received in connection with such one violation shall be deemed to be the aggregate amount demanded, accepted or received in connection with all violations. A judgment in an action under this section shall be a bar to a recovery under this section in any other action against the same defendant on account of any violation with respect to the same plaintiff prior to the institution of the action in which such judgment was rendered." If it be shown by evidence that the defendant, Miss Mary Inez Williams, did in fact collude with the mother as alleged and herself received the excess rents, the petitioners would be entitled to a decree awarding them respectively an amount which is three times the excess in rents paid by them, plus reasonable attorney's fees and costs. They would also be entitled to an injunction restraining her from instituting any dispossessory proceeding, and to a decree that they be allowed to continue their occupancy of the respective apartments and apply against the rents the amount of the decree for money judgment.

It follows from the above that the court did not err in overruling the general demurrer of each of the defendants.

*Judgment affirmed. All the Justices concur.*