23539. FRIEDMAN et al. v. GOODMAN et al.

ARGUED SEPTEMBER 12, 1966—DECIDED OCTOBER 6, 1966—
REHEARING DENIED OCTOBER 20, 1966.

*Thurmond, Hester, Jolles & McElmurray, Cornelius B. Thurmond, Jr.,* for appellants.

*Hull, Towill & Norman, R. Lawton Jordan, Jr., Congdon & Williams,* for appellees.

QUILLIAN, Justice. ■ In the present suit upon a lease or rental contract the plaintiffs had the burden of proving that they performed the contract according to its terms, or for some legal reason such performance on their part was as a matter of law excused. *Code* § 20-1101; *Bennett v. Burkhalter,* 128 Ga. 154 (57 SE 231). The plaintiffs recognized this principle and alleged in the petition that they had "duly performed all the conditions of said lease on their part."

It is further a rudimentary principle that where the plaintiffs contract to perform covenants that are impossible, not because of an act of God or the conduct of the defendants, the failure to perform such covenants is as fatal to the plaintiffs' right to recover as a breach of the contract for any other reason. In *Northington-Munger-Pratt Co. v. Farmers' Gin &c. Co.,* 119 Ga. 851 (7) (47 SE 200, 100 ASR 210), this court held: "If the vendor sold to a third person and thereby disabled itself to convey according to the terms of the contract, it would be liable in damages." *Field v. Martin,* 49 Ga. 268 (2); *Cooley v. Moss,* 123 Ga. 707 (1) (51 SE 625); *Mobley v. Lott,* 127 Ga. 572 (56 SE 637).

The lease contract sued upon contained the provisions: "the leased premises shall be in the exclusive possession of the tenant . . . ; the lessee is hereby granted the privilege of subletting the leased premises in whole or in part . . ."; and that the lessee would have the right to install a whole new front on the building, removing the front that then existed. While the petition as originally drafted contained the averment that the plaintiffs were the owners of the rented building, a later amendment alleged that one of the plaintiffs, Mrs. Harkins, through her executor, Georgia Railroad Bank & Trust Company, acquired her interest in the building subsequent to execution of the lease contract and after the expiration of the period during which the rent sued for accrued. The plaintiffs introduced into evidence a deed dated July 2, 1964, from the Harkins

Corporation to Georgia Railroad Bank & Trust Company, which instrument recited that Harkins Corporation (then Harkins Realty Company) acquired a one-half interest in the leased property from Rose S. Harkins by deed dated November 17, 1954; that Harkins Corporation was dissolved on June 30, 1964; that Georgia Railroad Bank & Trust Company, as executor of Rose S. Harkins, acquired all other outstanding stock in the Harkins Corporation.

Thus, from the plaintiffs' pleadings and proof it appears that when the lease contract was entered into between Mrs. Harkins and Mrs. Rubenstein and the defendants, Mrs. Harkins did not own an interest in the building and Mrs. Rubenstein (the predecessor in title of Mrs. Goodman, Mrs. Simon and Mrs. Moss) owned the building as a tenant in common with the Harkins Corporation. The lessor Mrs. Rubenstein did not, so far as the record reveals, have any authority from the Harkins Corporation, which is not mentioned in the lease, to execute the contract.

"Ordinarily, a tenant in common who has not been authorized by his cotenants cannot execute a lease of more than his own interest in the common property that will bind them without subsequent ratification; and this is true even though the tenant in common attempting so to lease is in possession of the whole property. In this respect, a tenant in common has, by virtue of his relationship as such, no authority to act as agent for his cotenant in leasing the common property to third persons, and the law will not infer one cotenant's authority to lease the other's interest, simply because a leasing was contemplated. . . In the absence of authority from his cotenants one tenant in common cannot bind his cotenants by an agreement to lease the common property to third persons." 86 CJS 518, Tenancy in Common, § 113. The rule is stated in *Roberts v. Burnett*, 164 Ga. 64 (9) (137 SE 773): "Where one cotenant, without authority from his cotenants, executes a lease under seal for such cotenants, the latter are not bound; and until they become bound, the contract signed by the other cotenant for them lacks the element of mutuality between them and the lessee, and the lessee's holding is to be considered as a tenancy at will." *Morgan v. Maddox*, 216 Ga. 816, 819 (120 SE2d 183); *Motor Aid v. Ray*,

53 Ga. App. 772 (187 SE 120). The lease was under seal. In the *Roberts* case, supra (Headnote 10), this court held: "Ratification of such an instrument, to be binding upon the principal, must also be under seal, and can not be by words or conduct. *McCalla v. American Freehold &c. Co.,* 90 Ga. 113 (15 SE 687); *Overman v. Atkinson,* 102 Ga. 750 (29 SE 758)."

Under the foregoing authorities it is apparent that not only did the plaintiffs fail to perform the contract provisions that the leased premises shall be in the exclusive possession of the tenant and that the lessee defendants have the right to sublet the rented building, but that the plaintiffs did not, as tenants in common with the Harkins Corporation and in the absence of that corporation's consent, have the authority or power to perform these important covenants of the contract. For any such authorization to be valid it would have to have been in writing and under seal. *Roberts v. Burnett,* 164 Ga. 64 (10), supra.

For the reasons stated, the plaintiffs failed to prove their case as laid in the petition in that there was not performance of the contract on their part.

■ The plaintiffs insist the defendants were estopped to plead a deficiency or defect in the former's title because they had accepted the lease and entered into possession under its terms. From the record the contrary appears. The evidence is without dispute that the lease was executed and delivered to the defendants sometime prior to the beginning of the stipulated rental period and that when the time came for the defendants to go into possession, they refused and have continuously refused ever since to enter the building as the plaintiffs' tenants or to occupy the same at all. The refusal was on the ground that the building was not in such state of repair as to be fit for occupancy or to measure up to the condition contemplated by the lease contract. Whether the defendants were right in this position or not is immaterial because, while they were unaware that one of the plaintiffs owned no interest in the property and the remaining plaintiffs were tenants in common with the Harkins Corporation at the time the lease was executed or when the day arrived for them to take possession, this is an admitted fact and appears from the amendment to the plaintiffs' petition

and the plaintiffs' proof to which there has been a previous reference both in the statement of facts and the preceding division of this opinion.

*Code* § 61-107 reads: "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession." It is thus apparent that the chief requisite and most essential ingredient of the estoppel therein provided is that the tenant be in possession when he denies the validity of his landlord's title. "The estoppel against the tenant's denying the landlord's title continues until the tenant surrenders the possession. After possession has been restored, the estoppel ends. While the fact of his having become the tenant of the landlord may be in the nature of an admission, of greater or less probative value, against the former tenant, tending to establish the fact that he did not himself claim title, but recognized it as being in his former landlord, yet after the tenancy has ended and the possession has been restored, the quasi admission may be explained, and is not conclusive." Powell, Actions For Land (1946) 436, 437, § 370.

In making the broad statement that the tenants had the right to refuse possession we realize they could have gone into possession of an undivided occupancy only of the property under the lease and at the same time become tenants at will of the Harkins Corporation, but as stated they could not have gone into exclusive possession as provided by the contract itself.

Counsel for the plaintiffs ably argue in this court that possession does not mean manual use or occupancy but the right to possess and enjoy the occupancy of the rented premises. Counsel's words are: "Possession means control of and dominion." It has been stated and held by this court: "As applied to lands, the word 'possession' is more nearly synonymous with the word 'occupancy.' In its prime sense it denotes the corporeal control of property, a state of actual occupancy, evidenced by things capable of being seen by the eye or of being ascertained by the use of the primary senses." Powell, Actions for Land (1946) 337, § 292; *Burgin v. Moye*, 212 Ga. 370, 374 (93 SE2d 9). However, should counsel's view be adopted, "the word 'dominion' denotes complete ownership or a right to the

property." Everly v. Creech, 139 Cal.App.2d 651 (294 P2d 109). Moreover, in this case the contract sued upon expressly stipulated that possession of the defendants was to be exclusive possession of the rented premises and no mere right to enter the premises and enjoy a more limited possession could possibly constitute a waiver under our law, that is, a waiver to question the lessors' title.

It is true that in some cases when the landlord has had no title and the tenant has entered into possession and enjoyed the full occupancy and benefit of the contract he is estopped to deny the landlord's title. The pronouncement of this principle is found in *Lynch v. Poole,* 138 Ga. 303, 305 (75 SE 158), where this court held: "The petitioner also invokes the doctrine of estoppel in aid of his contract. The doctrine of estoppel in pais is predicated upon a change of position to the hurt of one of the parties acting on the representations or conduct of the other. If the petition had alleged that the defendants retained possession of, and occupied, the premises for the time for which rent is claimed, the defendants, having received the full benefit of the contract for the contract time, would be estopped from denying the authority of the agent to make the contract. *Harrison v. Wilson Lumber Co.,* 119 Ga. 6 (45 SE 730). But the petition contains no such allegation." In this case as in the *Lynch* case, the petition was based upon no right of the plaintiffs to recover except by compliance on their part with the terms of the lease contract.

In the present case it would have been impossible for the defendant lessees to have entered into exclusive occupation by virtue of the lease although they might have been given full possession on the one part by the lease and on the other by the cotenant corporation accepting them as tenants at will, but there is nothing in the record to indicate this would have occurred or that any such exclusive possession could have been enjoyed by virtue of the lease, or the behest of the cotenant corporation, or through a combination of these two factors. This is not a case in which it could be said that the tenants either went into physical possession or had a right of possession as guaranteed by the contract.

The estoppel of the Code section is also applicable only where the defendant is still in possession as the plaintiff's tenant. In the present case when both the plaintiffs' and the defendants' pleadings set up a want of title in the plaintiffs and showed their ownership to be that of tenants in common with the Harkins Corporation, the defendants renounced any right to occupancy or possession of the building and, as stated above, the evidence was that the defendants had continuously and steadfastly refused to go into actual possession of the building. Therefore, at that time they did not occupy the status of a tenant in possession under any view of the law.

For another reason the principle of estoppel does not apply in this case. It was held in *Tison v. Yawn*, 15 Ga. 491 (7) (60 AD 708), and *Williams v. Higgason*, 205 Ga. 349, 354 (53 SE2d 473), that where the recognition of the lessor's title is superinduced by misrepresentations on his part as to the state of his title there is no estoppel under *Code* § 61-107. In this case it clearly and indisputably appears from the record that the plaintiffs entered into the lease contract with the defendants without disclosing that one of their number had no title and that the other plaintiffs were tenants in common with a corporation which was not a party to the contract. The lease warranted benefits and privileges such as: exclusive possession of the rented property; the right to occupy the same for 10 years with the privilege of renewing the lease for 5 years and the right to sublease the property. These covenants of themselves in effect stated that the plaintiffs had title to the rented building, and it further appears from the record that they did not disclose the status of their ownership until after the lease was executed, the period for which the rent was claimed had expired, and the case was pending in the trial court. It can not, with reason, be concluded that had the defendants not acted on the faith of the covenants they would have accepted the lease or the keys to the building.

It is held in *Larey v. Taliaferro*, 57 Ga. 443 (1): "When one, in trading property, says he will warrant it to be sound in every respect, his declaration may amount to a representation as well as to a warranty." In *Jordan v. Harber*, 172 Ga. 139

(4) (157 SE 652), is the pronouncement: "Fraud may exist as much in intentional concealment of material facts, as in false statements in regard to facts. One is as fraudulent as the other, if it is used as a means of deceiving the opposite party." *Snellgrove v. Dingelhoef*, 25 Ga. App. 334, 335 (103 SE 418). That rule is applicable in this case.

No estoppel arose under any provision of our law.

*Judgment reversed. All the Justices concur, except Duckworth, C. J., who dissents.*