DIXON, administrator, *et al. v.* PATTERSON *et al.,* and *vice versa.*

ATKINSON, J.　1. The provision in the original order on the application for new trial, in regard to the time when the brief of evidence might be presented for approval and filed, was sufficient to authorize its approval at the final hearing and its filing afterwards, and the order was not restricted by subsequent orders upon the subject.　The brief of evidence appears, upon inspection, to be in proper form, and has the approval of the judge; and there was no error in refusing to dismiss the motion for new trial.

2. If the owner of land died intestate, leaving a widow and minor children as his only heirs at law, and there was no administration, but there was an informal parol partition of the property made by persons as appraisers, though not shown to have been duly appointed, allotting and delivering some of it to each of the children and some to the widow, and the allotment so made was accepted by the widow and guardians duly appointed for the children, taking possession of their respective allotments, and the children, upon attaining majority, accepted separate parcels of the. property from their guardians and receipted therefor as property coming to them from their father's estate, and continued in possession thereof in severalty, the partition as made, though not binding in the first instance, would become binding by ratification.

(*a*) If in the division an allotment was made to the widow, greatly exceeding in value that which she would have received upon an equal division, upon condition that she should hold the part allotted to her only for and during her natural life, which was to go at her death to the children, if she accepted and took and held possession of the share so set apart upon such condition, she could not claim any greater estate than a life-estate as against the other parties to the partition, even though there was no writing evidencing the division.

(*b*) If there was such an allotment which became binding by ratification, and afterwards, under conveyance from the widow of the land allotted to her, others entered possession, prescription would not run in their favor against the children during the life of the widow.　And in a suit instituted by the children against such purchasers within less than seven years after the death of the widow, the law of prescription would not be involved.

(*c*) If the widow's grantees were purchasers for value in good faith, and without notice of the parol agreement limiting her interest in the land to a life-estate, they would acquire a good title in fee, and not simply to an estate in the land during her life.　Aliter if the purchasers were not purchasers for value in good faith without notice.

(*d*) The petition being for partition with the defendants as tenants in common, the plaintiffs, if entitled to recover, could not in any event recover more than the shares to which, in their pleadings, they set up title as heirs.

3. If there were no such partition and limitation on the estate of the widow, but the land of the decedent in dispute (under whom the plaintiffs claimed) was simply undivided, and the widow conveyed to others,

who took possession, prescription· might ripen with possession having the proper characteristics and for the proper time.

(a) Fraud which will prevent prescription from ripening must be actual, moral fraud. Mere notice of facts putting on inquiry as to a defect in a title will not suffice. *Street* v. *Collier*, 118 *Ga.* 470-80 (45 S. E. 294).

4. The excerpts from the charge complained of, upon the subject of notice, did not accurately define what constituted notice, as set forth in the Civil Code, § 3933.

5. The suit was for partition and an accounting for rents. At the commencement of the action one of the plaintiffs was in possession of a separate part of the land as tenant for one of the defendants. This did not appear' from the petition, and there was no plea in abatement filed; but the defendant, in his general answer, pleaded the fact as an estoppel as against that plaintiff, and there was no demurrer to the plea. Before the case came on to trial, the plaintiff moved out of possession. *Held*, that a tenant in possession is not allowed to dispute the title of his landlord; and the plaintiff above referred to was not entitled to recover as a plaintiff in this action, brought while he was in possession as a tenant, against the defendant, who was his landlord, any interest in the land rented from the latter; and this is true although the tenant removed from the land thus rented before the trial of the case.

6. The proper method of proving that no administration was ever had upon a particular estate is to introduce the evidence of the ordinary or another who has examined the records in the court of ordinary, where letters of administration should have been granted, that no such letters are shown by the records. *Compton* v. *Fender*, 132 *Ga.* 483 (64 S. E. 475).

(a) It was error to admit evidence on the part of a person who was not the custodian of the records, and who was not shown to have made any examination of them, that there was no administration upon the estate.

7. If an informal partition was made by persons acting as appraisers without due appointment, it was error to allow one of them to testify: "The appraisers intended to give Nancy Patterson [one of the distributees] a life-estate in ·said lot of land number 111, and my understanding was that after her death. it was to revert to Jasper Patterson's said two children."

8. None of the other grounds require a new trial.

> *Judgment reversed. All the Justices concur.*
> SEPTEMBER 30, 1910.

Partition.     Before Judge Parker.     Appling superior court. March 13, 1909.

*W. W. Bennett* and *V. E. Padgett,* for Dixon et al.

*J. H. Thomas* and *Parker & Highsmith,* contra.