28712, 28713. SCOTT *v.* MAYOR AND COUNCIL OF MOUNT AIRY *et al.;* and *vice versa.*

Decided March 20, 1941.  Adhered to on rehearing, April 4, 1941.

*R. C. Scott,* for plaintiff in error.

*Hamilton Kimzey, Herbert B. Kimzey, Frank J. Adams Jr.,* contra.

Stephens, P. J.  R. C. Scott, under the authority of section 23 of the act approved August 6, 1921 (Ga. L. 1921, pp. 1026, 1040), amending an act incorporating the town of Mount Airy in Habersham County, filed "a claim of illegality" to a levy upon real estate as his property to satisfy a tax execution issued by the authorities of the town of Mount Airy commanding that the levy be made for taxes due by Scott to the town for the year 1936, in the sum of $26.88 with interest, etc.  In the affidavit of illegality as amended Scott attacked the validity of the levy, and denied that he was indebted to the municipality for the sum for which the execution issued, on the grounds that the governing authorities of the town had made no tax levy for the year 1936, in that no resolution or ordinance had been passed fixing the tax rate for that year and designating the purpose for which the tax was levied; and that the amount of the taxes for which the execution had issued was assessed at the rate of $1.25 per hundred upon the valuation of the property, namely $2150, whereas the tax rate authorized under the act incorporating the town as amended, was limited to $1 per hundred of the valuation of the property, unless an increase was authorized by two thirds of the registered voters of the town, and that no such authority had been obtained.  The affidavit of illegality, as prescribed under the incorporating act as amended, was returned to the justice's court of the 752d district of Habersham County, where the issue was tried before a jury, the Honorable R. A. Dill presiding.  The jury found for the defendant.  The judge of the superior court sustained a certiorari brought by the town of Mount Airy, and granted a new trial, and Scott excepted. By cross-bill the town excepted to the refusal of the court to grant a final judgment in behalf of the town.  Scott excepted also to the overruling of his motion to dismiss the certiorari on certain grounds, and to the failure of the court to pass on exceptions made to the answer of the magistrate.

As appears in the petition for certiorari and the answer by the magistrate, the only evidence adduced on the trial which in any way had reference to the issues made in the affidavit of illegality as amended, and tended to illustrate such issues, was as follows: (1) The execution and entries thereon introduced by the town, the testimony of Scott, after reading the illegality, that each and every ground of the illegality was true, and his testimony as follows: "There was an election authorizing a bond issue in the town of Mt. Airy. The bond election carried by a two-thirds majority; the bonds were duly issued and validated and sold, and the twenty-five cents on the dollar valuation of property raised by the town of Mt. Airy was being used for school purposes and to pay off and retire the bonds that were issued." (2) the testimony of Miss Dorothy Walker: "I am the treasurer and custodian of the records of the town of Mt. Airy. That is the book. I can not give you a copy of the tax levy for 1936, as I did not start to work for the town of Mt. Airy until the 15th of November, 1936, and the taxes were due on October 1st. I know nothing about an election. I did not have charge of the books or records prior to November 15, 1936. This and one other book were all the books turned over to me by Mr. Loudermilk. The other book was a new book. They did not give me any old books. I understood they had been lost or burned. There was one minute in this book dated February, 1935, and one in November, 1935. I suppose there were minutes—they were something, but they were not signed by the mayor and council." (3) Also introduced in evidence was section 26 of the act of 1921, amending the act incorporating the town of Mount Airy, providing that the mayor and council may levy and collect a tax on the real and personal property of the town and provide for the assessment of the value thereof, and for the collection of the taxes, that the tax rate shall not exceed one dollar per hundred on the value of the property, but that if the mayor and council desire a higher rate of taxation they shall "submit the same to the registered voters of the town, stating what rate is wanted and for what purpose; and if two thirds of the registered voters vote for the rate, the mayor and council shall have power to levy and collect the same." The defendant testified that in 1936 there was no election authorizing the town to collect twenty-five cents on the $100 valuation for school purposes.

Error was assigned on the admission by the magistrate of the testimony of Scott, that each and every ground of the illegality was true, on the ground that there was higher and better evidence, and that the testimony was a mere conclusion and an opinion of the witness on the law, that there were no facts included in his testimony to support his opinion or conclusion, and that his opinion of the law was incorrect. Substantially the same assignment of error was made to the admission of the defendant's testimony that in 1936 no election was had authorizing the town to collect twenty-five cents on the $100 valuation for school purposes. The judge of the superior court held that it was error to admit the defendant's testimony over the objections urged, and sustained the certiorari and granted a new trial.

The affidavit of illegality as amended contained two allegations of fact, namely, that no ordinance or resolution had been passed by the authorities of Mount Airy, fixing the tax rate for the year 1936 and levying a tax for that year, and that no election had been held as provided by law authorizing the town of Mount Airy to levy a tax at the rate of $1.25 per hundred. The testimony of the defendant to the effect that each and every ground of the illegality was true was equivalent to testimony that no such resolution or ordinance had been passed, and that no such election had been held. It was testimony as to a fact or facts. The witness was not testifying as to the contents of any record or books. There could be no higher or better evidence as to the existence of such facts contained in any book or record. The record would not show that no such ordinance had been passed, or that no such election had been held, except in so far as nothing tending to establish such facts might appear in the record. The defendant could have known of the existence of such facts from having examined the record and having found the record silent. *Hines* v. *Johnston*, 95 *Ga.* 629 (3) (23 S. E. 470) ; *Dixon* v. *Patterson*, 135 *Ga.* 183 (6) (69 S. E. 21). He could have known of the existence of such facts independently of the record. His testimony in this respect was not inadmissible, either on the ground that the record was higher and better evidence, or on the ground that it amounted to a conclusion of the witness. The witness was subject to cross-examination as to the source of his information and ability to know whereof he was testifying. It does not appear from the record

that he was subjected to any cross-examination. It appears that the record had been destroyed.

It appears from the defendant's testimony that a bond election had been held, authorizing an issue of bonds which had been validated, and that "the twenty-five cents on the dollar valuation of property raised by the town of Mount Airy was being used for school purposes and to pay off and retire the bonds." While this testimony may have been sufficient to sustain the legality of the tax rate of $1.25 per hundred on the value of the property, it appears conclusively from the evidence of the defendant, as indicated above, irrespective of whether the tax rate of $1.25 per hundred was legal, that no ordinance or resolution levying a tax for the year 1936 had been passed by the governing authorities of Mount Airy. It therefore appears conclusively that no lawful and legal tax levy had been made, and for that reason the execution and levy were proceeding illegally. The evidence demanded the verdict for the defendant, and it was error to grant a new trial to the plaintiff. It is not necessary here to decide whether the burden of proof was on the plaintiff in execution to show a valid and legal levy, or on the defendant in execution to show that no valid and legal levy had been made. The court erred in sustaining the certiorari.

*Judgment reversed on the main bill of exceptions; cross-bill dismissed. Felton, J., concurs. Sutton, J., concurs in the judgment.*

ON REHEARING

STEPHENS, P. J. In the original opinion this court held that the affidavit of illegality in effect denied that any ordinance or resolution had been passed by the authorities of Mount Airy fixing the tax rate for 1936 and levying a tax for that year, and that the defendant's testimony that each and every ground of the affidavit was true, was equivalent to testimony that no such resolution or ordinance had been passed. There is a contention that the records of the municipality for the year 1936 had been burned or destroyed. Counsel contend, that the allegations in the affidavit as amended are to the effect that there are in existence no records of the municipality showing that any such ordinance had passed or tax levy made; that the allegations in the affidavit are not to be construed as averring that no ordinance levying the tax or fixing the tax rate had been passed; and that the defendant's testimony that the allegations in the affidavit of illegality are true is not

equivalent to testimony that no such ordinance had been passed or tax levy made. Attention is called to the language of the allegations in the affidavit and the amendment thereto. In ground 2 of the affidavit it is alleged as follows: "From aught it appears from the records of the mayor and council of Mt. Airy no resolution or ordinance was passed during the year 1936, before or since, fixing the tax rate for the year 1936 at any amount. There being no official assessment of a tax rate for the year 1936, any sums collected, or attempted to be collected, was ultra vires and void." In ground 3 of the affidavit it is alleged "that there was no resolution or ordinance of the mayor and council of Mt. Airy designating the purpose for which any tax levied was to be expended, as required by law." In the amendment to the affidavit of illegality it is alleged as follows: "Now comes the defendant in fi. fa., and amends the illegality heretofore filed, by enlarging the grounds therein, by saying that he is not indebted to Mayor and Council of Mt. Airy in any amount for taxes during the year 1936, since no taxes were levied for that year according to the records of the said municipality." The proper construction to be placed on these allegations is that they allege that the records of the municipality do not show the existence of any ordinance levying a tax for the year 1936 or fixing the tax rate, for Mount Airy. These allegations are not subject to the construction that it does not appear from the records of the municipality, in the sense that there are no records in existence or accessible, that no ordinance was passed levying a tax or fixing the tax rate.

The only method by which a municipality can officially speak and levy a tax is by resolution and ordinance of the governing authorities, which must necessarily be in writing and constitute a record of the municipality. The record of the municipality may include the written ordinance or resolution on file in the office of the clerk, or it may mean minutes or books, required by law to be kept, containing the proceedings of the municipal authorities. Where the records fail to show any action by the municipality levying a tax or fixing the tax rate, it is conclusively inferable that no such official action has been taken. Since there was no demurrer to the affidavit of illegality, the allegations therein may be construed most favorably to the affiant. With the addition of this opinion, we adhere to the judgment heretofore rendered.