### 39909. BUTLER v. REVILLE.

DECIDED FEBRUARY 13, 1963.

*Cail & Benton, Kenneth Cail, Andrew Benton,* for plaintiff in error.

*Adams, Adams & Brennan, Edward T. Brennan,* contra.

HALL, Judge. 1. The trial of this action by a guest passenger against the driver of an automobile which collided with the rear of the automobile in which she was riding as it made a right turn, resulted in a verdict for the defendant (defendant in error). The plaintiff (plaintiff in error) assigns error on the trial court's judgment overruling her motion for new trial.

Special ground 1 complains of the following charge: "I charge you that the standard of care and diligence required by law of both the plaintiff in this case and the driver of the automobile in which she was a passenger is the same. It is ordinary care

and diligence. Ordinary diligence is that degree of care which is exercised by ordinary prudent persons under the same or similar circumstances. The absence of such diligence is termed 'ordinary negligence'." The plaintiff's petition alleged: "That the aforesaid collision was caused solely and wholly by the negligence of the defendant named herein without any negligence on the part of the plaintiff contributing thereto." The defendant's answer denied this allegation. It is true there was no evidence of any negligence on the part of the plaintiff contributing to the collision, nor any evidence that the plaintiff was in any manner in control of the automobile in which she was a passenger. Since the charge was not authorized by the evidence the question is whether it could have misled the jury adversely to the plaintiff. *Nelson v. Huber & Huber Exp.*, 79 Ga. App. 721, 723 (54 SE2d 462).

The court later on charged that the plaintiff "is entitled to recover if she proves any one or more of the grounds [of negligence claimed in her petition] to your satisfaction under the rules which I have given you in charge"; and gave a full charge on the rule to the effect that any negligence of the driver of the automobile in which the plaintiff was a passenger cannot be imputed to the plaintiff nor defeat or diminish her recovery; and "The duty to use care in this case is, as I have stated, upon the driver of the plaintiff's automobile in this case and the defendant." The charge as a whole made it clear what the issues in the case were and that there was no issue of any negligence on the part of the plaintiff. We are of the opinion that the court's reference toward the beginning of the charge to the standard of care imposed by law generally upon the plaintiff did not mislead the jury in arriving at their verdict. The plaintiff relies on cases in which more specific charges on questions of contributory and comparative negligence, the duty to prevent injuries to one's self, the duty to avoid the consequences of a defendant's negligence, and the duty of a guest passenger not to close his eyes to apparent danger, were held reversible error. They are not inconsistent with the present decision.

2. The trial court did not err in overruling special grounds 2 through 7, which complain of the trial court's refusal to charge

written requests submitted by the plaintiff. Without considering whether the assignments of error are sufficient or the requested charges are perfect in themselves, we see from the record that the subject matter of each of these requests was substantially and adequately covered in the court's charge. The later decisions of this court hold that, when there is no assignment of error complaining that the request was not given in the exact language of the request, and the request is substantially covered by the charge given by the court, no reversible error is shown. *Dillard v. Jackson's Atlanta Ready Mix Concrete Co.*, 105 Ga. App. 607 (125 SE2d 656); *State Farm Mut. Auto. Ins. Co. v. Rogers*, 105 Ga. App. 778, 784 (125 SE2d 893).

3. Since there was some evidence to support the jury's verdict, the general grounds of the motion for new trial are without merit. *Randall v. Bell*, 12 Ga. App. 614 (77 SE 1132); *Toole v. Jones*, 19 Ga. App. 24 (90 SE 732).

The trial court did not err in overruling the plaintiff's motion for new trial.

*Judgment affirmed. Carlisle, P. J., and Bell, J., concur.*