40400.   LIFE & CASUALTY INSURANCE COMPANY
v. HULSEY.

DECIDED JANUARY 8, 1964—REHEARING DENIED JANUARY 28, 1964.

*Hammond Johnson, Jr.,* for plaintiff in error.

*Whelchel, Dunlap & Gignilliat, William P. Whelchel,* contra.

EBERHARDT, Judge. ■ In arguing the general grounds, the defendant raises two issues which will be discussed separately.

(a) The first concerns accidental means within the policy provision quoted in the facts. The contention is that the insured's death is the natural and proximate result of his assault on the wife with a deadly weapon.

In dealing with the terminology "accidental means" in insurance policies, the courts have generally approached assaults by an insured on the basis of whether the fate met by the insured was *both* foreseeable and the natural and probable consequence

of the assault. Annot., 26 ALR2d 399, § 2. Situations involving domestic quarrels have been treated somewhat differently with regard to foreseeability when there was a showing of a history of similar altercations, none of which involved serious results. Annot., 26 ALR2d 399, § 5.

The Georgia cases follow this general rule, *Riggins v. Equitable Life Assur. Soc.*, 64 Ga. App. 834 (14 SE2d 182) being a particularly strong example. In *Riggins*, the insured and his wife had often fought. On the night in question, the insured had fought with his wife and threatened her with a knife. The wife went home and the insured later attempting to force his way into the house, was shot when he broke in the door. Recovery was allowed on a double indemnity accidental death provision similar to that here but containing an additional provision excepting coverage where the insured participated in the commission of an assault or a felony. Compare *Riggins* with *Carolina Life Ins. Co. v. Young*, 99 Ga. App. 848 (2), 856 (110 SE2d 67), quite similar factually but denying recovery where there was a family quarrel history but not with deadly weapons. See also, *Nelson v. American Nat. Ins. Co.*, 67 Ga. App. 775 (21 SE2d 658), and *Johnson v. Southern Life Ins. Co.*, 95 Ga. App. 625 (98 SE2d 382) for non-family deadly weapon cases equally as strong, both adopting the foreseeability rule.

We find the facts here clearly within the ambit of *Riggins* and other domestic quarrel cases. The wife related something of the frequency of family arguments a number of times and then testified that: "[H]e said [when he placed the rifle against my head] 'I am going to kill you right here or I am going and you are not going,' and I said, 'Well, go ahead, if you want to, if that is the way you feel, because he had done it before time after time—he put the rifle up against me and told me he was going to kill me' and I didn't believe it *because he had done it before so many times. . .*" (Emphasis added). Since the evidence clearly discloses that on numerous occasions similar incidents had occurred in which the insured had made threats on the life of his wife with the rifle, none of which resulted in harm to him because she sought to repel him in like manner,

a jury question was raised as to whether he should have foreseen the result that ensued on this occasion.

(b) The second contention on the general grounds is that the defendant's drinking or being under the influence of alcohol was a "disease or infirmity" causing or contributing to the insured's death within the policy provision quoted in the statement of facts. The court charged the jury that "If you find that the insured was inebriated and that his death was caused or contributed to by this infirmity, you will find for the defendant." Thus the jury could not have rendered a verdict for the plaintiff if the defendant's contention was found by them to be true. The defendant had the fullest benefit of his theory before the jury but those "doctors of doubt" resolved it against the company. This treatment makes it unnecessary to decide the correctness of the theory (Cf. *Union Central Life Ins. Co. v. Cofer*, 103 Ga. App. 355, 357 (1), 119 SE2d 281), but see *Code Ann.* § 56-3005 (11) allowing a specific exclusion "for any loss sustained or contracted in consequence of the insured being intoxicated. . ."

The general grounds of the motion for new trial were properly overruled.

■ *The special grounds:* (a) Special grounds 1 and 2 complain of the court's failure to give certain charges on request. There is no exception to failure to give the charges in their exact language (See *Butler v. Reville,* 107 Ga. App. 345 (2) 130 SE2d 161) and we find the requested propositions of law to have been generally covered in the charge as given.

(b) Special ground 3 assigns as an unsound abstract principle of law a charge requiring the plaintiff to prove that the wife had no intention to shoot the insured as well as that the death resulted from something unforeseen, unexpected or without foresight and from accidental means. The charge was favorable to the defendant in adding the intention factor, and any error in it is harmless. Leverett, Hall & Christopher, Ga. Procedure & Practice, 486, § 22-4 (4) n.77.

*Judgment affirmed. Felton, C. J., and Russell, J., concur.*