41789. FRIEDMAN et al. v. GOODMAN et al.

ARGUED FEBRUARY 9, 1966— DECIDED MARCH 8, 1966—
REHEARING DENIED APRIL 1, 1966—

*Thurmond, Hester, Jolles & McElmurray, Cornelius B. Thurmond, Jr.,* for appellants.

*Hull, Towill & Norman, R. Lawton Jordan, Jr.,* for appellees.

JORDAN, Judge. This was an action for rent due on a commercial lease for the year 1961. The defendant-lessees in their answer to the petition admitted the execution of the contract sued upon but denied that they were liable for rent under this contract on the ground of constructive eviction. The defendants also filed a cross action in which they prayed for specific performance and reformation of the lease contract. The case was first tried in 1962 in the Superior Court of Richmond County and resulted in the direction of a verdict for the plaintiffs. On review by the Supreme Court of Georgia, the case was reversed on the ground that the trial court erred in disallowing an amendment to the defendants' answer and cross action, and reference may be had to the opinion of that court in *Friedman v. Goodman,* 219 Ga. 152 (132 SE2d 60), for a detailed statement of the pleadings of the parties.

After the reversal of this case by the Supreme Court, the defendants amended their defensive pleadings by striking the cross action in which they had sought equitable relief and by alleging, as a second defense to this action, the lack of mutuality in the lease agreement. The case proceeded to trial again on the issues thus made and the jury returned a second verdict for the plaintiffs, and judgment was entered thereon by the court. The defendants filed a motion for judgment notwithstanding the verdict in accordance with their previous motion for a directed verdict, and in the alternative a motion for new trial which was amended by the addition of several special grounds. These motions were denied and the defendants have

appealed to this court for review of the judgment and rulings of the trial court.

1. It is the primary contention of the defendants that a finding was demanded that the lease contract sued upon was lacking in mutuality, and was therefore void, because one of the lessors did not have title to the premises when the lease was executed; accordingly, it is argued that the trial court erred in denying their motion for judgment notwithstanding the verdict made in accordance with their previous motion for a directed verdict on this ground. This contention encounters the long established and well recognized principle of law found in *Code* § 61-107 which declares, "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession," and is without merit.

The evidence adduced on the trial of this case clearly authorized the finding that the defendants had asserted the validity of the lease agreement and had recognized the existence of the landlord-tenant relationship between themselves and the lessors during the period of time for which rent is claimed in this action, and under these circumstances they are now precluded or estopped from asserting as a defense to this action, the lack of title in the lessors. *Dixon v. Patterson*, 135 Ga. 183 (5) (69 SE 21); *Barnett v. Lewis*, 194 Ga. 203 (20 SE2d 912); *Consolidated Realty Investments, Inc. v. Gasque*, 203 Ga. 790, 798 (48 SE2d 510); *Clark v. Long*, 25 Ga. App. 807 (1) (105 SE 654); *Darling Stores Corp. v. William Beatus, Inc.*, 68 Ga. App. 869 (3) (24 SE2d 805); 98 ALR 547. As stated by this court in *Clark v. Long*, supra, "A tenant cannot, in a suit against him for rent, dispute the title of his landlord with whom he has actually contracted as such, even though it might have been then and there known by each of the parties to the agreement that the title to the premises was in fact in another."

Contrary to the defendants' contention, the principle of law embodied in *Code* § 61-107 was not inapplicable here merely because the defendants did not physically take possession of the premises and actually occupy them. The Supreme Court in *Grizzard v. Roberts*, 110 Ga. 41, 44 (35 SE 291), stated that, "The question is the right of possession," and quoted with ap-

proval from 2 Taylor on Landlord and Tenant, § 705, as follows: "[I]f a tenant has once recognized the title of the plaintiff, and treated him as his landlord, by accepting a lease from him, or the like, he is precluded from showing that the plaintiff had no title at the time the lease was granted." The court also quoted with approval from 1 Wood, Landlord and Tenant, § 232, as follows: "It is a well-settled general rule, that a lessee can not deny the title of his landlord; and this rule applies whether the tenant was in possession before the lease was made or not." See *Barnett v. Lewis,* supra, pp. 205, 207. In an annotation entitled "Estoppel to dispute landlord's title where tenant never was in possession under the lease," in 98 ALR 545, 547, it is specifically recognized that actual physical occupation of the premises is not required in order to apply the rule that a tenant in possession may not dispute his landlord's title when it is said: "The sound rule would seem to be that a lessee cannot show, or, as sometimes expressed, is 'estopped' to show, his lessor's want of title, as a defense to an action on the lease, unless he can also show that he did not receive a full opportunity to obtain and enjoy peaceable possession of the premises. Vernam v. Smith (1857) 15 N.Y. 327, infra; Sneed v. Jenkins (1847) 30 N.C. (8 Ired. L.) 27, supra. And see Howard v. Murphy (1854) 23 Pa. 173, III. d, infra."

The defendants had the undisturbed right of possession of the property under the provisions of the lease contract freely and voluntarily executed by them; and they exercised this right by recording the lease contract, by authorizing negotiations for the sublease of the premises by them to the tenant in possession of the property at the time of the execution of the lease, by requiring the lessors to expend a large sum of money in improving the property so they could take physical possession thereof and by attempting through legal action to require the lessors to make further improvements on the property in accordance with the provisions of the lease contract.

There was no evidence that the defendants were prevented from obtaining peaceable possession of the premises because of any defect in the title of the lessors. On the other hand, the evidence clearly showed that the defendants failed to occupy

the premises, not because of any defect in the title of the lessors, but because of a dispute between the parties as to whether or not the premises were tenantable and safe for occupancy; and the contention that the lease was void was not urged until some several years after its execution.

While the defendants did renounce the contract and their right of possession thereunder prior to the trial of this case, such action occurred subsequent to the term of the lease for which rent is claimed in this suit, and could not relate back so as to allow the defendants to dispute the lessors' title as a defense to the payment of rent for that period of time in which they expressly recognized the existence of the landlord-tenant relationship. *Dixon v. Patterson*, 135 Ga. 183, supra. There is no possibility that the defendants can be subjected to double damages because of the asserted defect in the title of their lessors since full title to the leased premises is now in the parties-plaintiff to this action. See *Darling Stores Corp. v. William Beatus, Inc.*, 68 Ga. App. 869 (3), supra.

The defendants having admitted the execution of the lease and having recognized its validity and the existence of the landlord-tenant relationship, the only pleaded defense available to them in the present action was that of constructive eviction; and on this issue the evidence, while in sharp conflict, clearly authorized a verdict in favor of the plaintiffs. The trial court did not err therefore in denying the defendants' motion for judgment notwithstanding the verdict and their motion for new trial on the general grounds.

2. Error is enumerated on the excerpt from the charge of the court in which the term "possession" as applied to *Code* § 61-107 was defined, it being contended that by such charge the court erroneously instructed the jury that actual occupation of the premises was not required in order to apply the rule that a tenant in possession may not dispute his landlord's title. For the reasons stated in Division 1 of the opinion this charge was not erroneous.

3. The trial court fully and correctly instructed the jury on the law of constructive eviction as it applied to this case. Accordingly, in the absence of an assignment of error in the

enumeration of error or in the amended motion for new trial on the refusal of the court to give a requested charge on this subject in the exact language requested (this case being tried prior to the Appellate Practice Act of 1965), the enumeration of error which merely complains of the failure of the court to give the requested charge is without merit since such charge was substantially covered in the instructions given. *Butler v. Reville,* 107 Ga. App. 345 (2) (130 SE2d 161); *Life & Cas. Ins. Co. v. Hulsey,* 109 Ga. App. 15 (134 SE2d 880).

4. The trial court did not err in allowing the introduction of evidence showing the tax assessed value of the building of which the leased premises were a part over the objection that such evidence was irrelevant to the issues in this case. *Stripland v. Terry,* 108 Ga. App. 177 (132 SE2d 560).

5. The following excerpt from the charge of the court did not constitute an expression of opinion on the part of the court as to what had or had not been proved in this case and the giving of such instruction in charge to the jury did not constitute harmful or prejudicial error on the ground that the principle of law embodied therein was irrelevant to the issues in this case: "I charge you further, gentlemen of the jury, that when a written instrument such as the lease between the parties in this case is prepared by one of the parties, it is to be most strongly construed against the party who prepares it. Now, gentlemen, you will remember the evidence in this case as to who prepared the original contract. You will remember the evidence as to who prepared the addenda, of the typewritten part, and construing that evidence, the one preparing the contract—it is most strongly construed against him." The evidence disclosed that this contract had been prepared in part by both the lessors and the lessees, and the giving of this instruction in charge to the jury could not have been harmful to either party.

6. The judgment of the trial court was not erroneous for any reasons enumerated and argued in this court.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*