43390.   GOODMAN et al. v. FRIEDMAN et al.

ARGUED JANUARY 12, 1968—DECIDED FEBRUARY 29, 1968— REHEARING DENIED MARCH 27, 1968—CERT.

*Congdon & Williams, William P. Congdon, W. Barry Williams, Curtis Richardson, Hull, Towill & Norman, Lawton Jordan, Jr.,* for appellants.

*Fulcher, Fulcher, Hagler, Harper & Reed, E. D. Fulcher, A. Montague Miller, Sanders, Hester & Holley, Glenn B. Hester, Thomas R. Burnside, Jr., Thurmond & McElmurray, C. B. Thurmond, Jr.,* for appellees.

BELL, Presiding Judge. This case began as a suit on a lease contract to recover rent and damages for breach of the contract by the lessees. The case has been previously litigated in the appellate courts. See *Friedman v. Goodman,* 219 Ga. 152 (132 SE2d 60); *Friedman v. Goodman,* 113 Ga. App. 416 (148 SE2d 183); *Friedman v. Goodman,* 222 Ga. 613 (151 SE2d 455), reversing the judgment of the Court of Appeals. Reference may be had to the cited opinions for a detailed history of the case.

The parties to the contract were Dora S. Rubenstein and Rose S. Harkins as lessors and A. A. Friedman and H. E. Friedman, doing business as the A. A. Friedman Company, as lessees. The evidence adduced on the trial conclusively showed that at the time the contract was executed, Rose S. Harkins had no title to the premises and that Dora S. Rubenstein and the Harkins Realty Company, later the Harkins Corporation, each owned a one-half undivided interest. After Mrs. Harkins' death the Georgia Railroad Bank & Trust Company acquired all the outstanding stock of the Harkins Corporation as executor of her will. The Harkins Corporation was subsequently dissolved, conveying its interest in the premises to the bank as executor. The plaintiffs are Mrs. Rubenstein's successors in interest and the bank.

The jury returned a verdict for plaintiffs, and the trial court overruled defendants' motion for new trial. The Court of Appeals affirmed. 113 Ga. App. 416.

In reversing the judgment of this court, the Supreme Court (222 Ga. 613) held: (a) The estoppel of *Code* § 61-107, which provides, "The tenant may not dispute his landlord's title nor attorn to another claimant while in possession," is not operative unless the tenant is in possession at the time he denies the validity of the landlord's title. As defendants were not in actual occupancy of the premises and had renounced any right to possession, they were not estopped to assert the deficiency in the lessors' title. Pp. 620-621.

(b) There was no estoppel under *Code* § 61-107 for the additional reason that defendants' recognition of Mrs. Rubenstein's and Mrs. Harkins' title had been superinduced by the lessors' misrepresentations (covenants of exclusive possession, etc., contained in the contract) as to the state of their title. P. 622.

(c)   As Mrs. Rubenstein had no authority from her co-tenant, the Harkins Realty Company, to execute the lease to defendants, the corporation was not bound.  Thus the contract lacked mutuality, and defendants' holding was to be considered a tenancy at will.  P. 618.

(d)   As the lease covenanted the right of exclusive possession, inter alia, breach of the conditions of the lease by reason of the lessors' deficiency in title was fatal to plaintiffs' right to recover, which was based only on the written contract and the lessors' compliance with it.  P. 619.

After the trial court entered judgment on the remittitur from this court, granting defendants' motion for new trial, defendants filed a motion for summary judgment based· on the pleadings and evidence on file in the case.  Plaintiffs then filed an amendment to their petition, adding another count.  Count 2 sought to recover, not on the written lease, but for use and occupation on the theory that defendants were tenants at will under an implied obligation to pay the reasonable rental value of the premises.  In opposition to the motion for summary judgment plaintiffs filed affidavits showing that witnesses had personally seen one of defendants within the premises after commencement of the term stipulated in the contract and that Harkins Realty Company, later the Harkins Corporation, had not at any time done anything to interfere with defendants' use of the premises or to prevent them from occupying and having exclusive possession.

The trial court granted summary judgment for defendants.  This appeal is from that judgment.

*Count 1 of the petition.*  An Act of 1967 (Ga. L. 1967, p. 774) amended *Code* § 61-107 to read: "The tenant may not dispute his landlord's title nor attorn to another claimant while in actual physical occupation, or while the tenant performs any act, either active or passive, or takes any position whereby he expressly or impliedly recognizes his landlord's title, or while the tenant takes any position that is inconsistent with the position that the landlord's title is defective."  Plaintiffs contend that the 1967 Act was applicable on the hearing of the motion for summary judgment and that it was an issue of material fact, under Count 1 of the petition, whether the estoppel of *Code* § 61-107, as

amended, was operative against defendants. In this connection see *Pritchard v. Savannah St. &c. R. Co.*, 87 Ga. 294 (13 SE 493, 14 LRA 721); *Hammack v. McDonald,* 153 Ga. 543 (113 SE 83); *Bullard v. Holman,* 184 Ga. 788, 791 (193 SE 586, 113 ALR 763); *Walker Electrical Co. v. Walton,* 203 Ga. 246 (46 SE2d 184).

On this phase of the case plaintiffs' argument is apparently due to misunderstanding of one of the Supreme Court's holdings at 222 Ga. 613. The pertinent holding of that court was simply that after a tenant had surrendered possession of the premises the estoppel of *Code* § 61-107, prior to the 1967 amendment, was no longer applicable. This court has so held. *Lasseter v. Fenn,* 66 Ga. App. 173 (17 SE2d 303). The Supreme Court did not hold that "possession," as the term was used in the Code, means actual manual occupancy of the premises or that actual manual occupancy is prerequisite to the estoppel of the Code provision.

We assume, without deciding, that the 1967 amendment would have been applicable on the motion for summary judgment if the defendants attempted to assert the deficiency in the lessors' title during the continuance of any one of the temporal conditions stated in the amendment. But the evidence conclusively shows that at the time defendants denied the lessors' title, none of those conditions existed. By parity of reasoning the holding of the Supreme Court is clearly controlling on this point.

Moreover, that court's reasoning that the estoppel was not operative where defendants' recognition of the lessors' title had been induced by misrepresentations of the latter, would be equally as compelling under *Code* § 61-107 as amended as it was under that Code section prior to the Act of 1967.

There was no material issue of fact extant in the case relative to those allegations of the petition (Count 1) seeking recovery on the written contract.

*Count 2 of the petition.* However, the Supreme Court did not hold in 222 Ga. 613 that the evidence showed plaintiffs would not be entitled to recover on any theory. It held that defendants did not have possession or the right to possession under the lease and that plaintiffs were not entitled to recover in an action on the written contract. But it did not hold that the evidence showed it was impossible for defendants to have had such

possession as would make them tenants and hence render them liable in quasi contract for use and occupation of the premises. Indeed, that court declared that "the lessee's holding is to be considered as a tenancy at will."

There was ample evidence on the hearing of the motion for summary judgment to authorize an inference that defendants were in fact in possession of the premises as tenants during the period for which rent is claimed: The defendants accepted the keys to the premises, physically entered the premises after commencement of the stipulated term, attempted to sublet to the Walgreen Drug Company, recorded the lease, required plaintiffs to make extensive repairs, and filed a cross action for specific performance demanding further renovation of the premises. Thus the evidence showed an actual entry by defendants and control of the premises continued over a period of time through insistence on the provisions of the lease. This dominion is tantamount to actual occupancy and constitutes sufficient possession to sustain the relationship of landlord and tenant. The evidence also showed that Harkins Realty Company never interfered with defendants' possession.

"Ordinarily, when one renders services or transfers property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof. . ." *Code* § 3-107. "When title is shown in the plaintiff and occupation by the defendant, an obligation to pay rent is generally implied. . ." *Code* § 61-103. But even if title is not shown, a landlord is still entitled to collect rent from one who enters into possession as his tenant, where the tenant's possession is not interfered with by superior title. *Potts-Thompson Liquor Co. v. Potts,* 135 Ga. 451, 459 (69 SE 734). In the latter case, the court held: "A tenant cannot during the term of his lease, where there has been no eviction of him or interference with his tenancy by superior title, merely of his own volition abandon the property and shake off the obligation to pay rent which he has contracted to pay. . . A landlord is not required to have good title in order to collect rent from one who enters as his tenant." Pp. 459-460.

Under Count 2 of the petition, an issue of material fact is

480

extant in this case as to whether defendants were in possession of the premises as tenants of Mrs. Rubenstein and Mrs. Harkins. If so, the fact that plaintiffs are not entitled to recover on the written contract will not preclude a recovery for use and óccupátion where there was no interference with the tenancy by Harkins Realty Company. Under the evidence on motion for summary judgment plaintiffs may be entitled to recover the *fair and reasonable rental value* of the premises for the period during which defendants were in possession. See *New v. Quinn*, 31 Ga. App. 102 (4) (119 SE 457); *Cooper v. Vaughan*, 81 Ga. App. 330, 340 (58 SE2d 453); *Smith v. Abercrombie*, 89 Ga. App. 129, 133 (78 SE2d 826).

The trial court erred in granting summary judgment for defendants.

*Judgment reversed. Hall and Quillian, JJ., concur.*