**LIFE & CASUALTY INSURANCE COM-PANY OF TENNESSEE, Appellant,**

v.

**Jerry JONES, Appellee.**

Court of Appeals of Kentucky.

Nov. 15, 1968.

Rehearing Denied Feb. 7, 1969.

Robert B. Berger, Patterson & Berger, Pineville, Richard C. Ward, Reeves, Barret & Cooper, Hazard, for appellant.

William Melton, Hazard, for appellee.

DAN M. GRIFFITH, Special Commissioner.

The sole question presented by this appeal is whether judgment against the appellant upon an accident insurance policy, pronounced pursuant to a jury finding that the appellee's decedent met his death by accidental means, is erroneous as a matter of law.

The appellant, Life & Casualty Insurance Company of Tennessee, insured the life of the decedent, Steve Jones, against death by accidental means. On the night of February 6, 1966, while the decedent was attempting to enter the apartment of his former wife, he was shot by her and killed. The insurance company denied liability under its policy upon the decedent's life, and an action instituted in the Perry Circuit Court resulted in a jury finding that the decedent met his death by accidental means and a judgment against the appellant for the amount of the policy.

The record discloses that the decedent and Vera Jones had been divorced on July 19, 1965. Prior to the divorce, they had had trouble for many years, especially during decedent's drinking bouts, and although the decedent had never struck or injured Mrs. Jones, he had threatened her with injury many time. Mrs. Jones was employed in a restaurant and beer tavern which Mr. Jones had frequented two or three times a week. Some of his visits with Mrs. Jones occurred after normal business hours, and he had secured entrance to Mrs. Jones' apartment which was attached to and in back of the place of business through the rear door.

On the night when Mr. Jones was killed, he had come to the back door of his ex-wife's apartment and begun to beat on it. He stated to her that "I have come to kill

you. I have you just where I want you." The back door was secured by two padlocks, and when he was unable to gain entrance through the door, he came around the house to the front door which was not as secure. He tore the screen from the front door and was beating upon the door itself when Mrs. Jones, who was frightened and hysterical, shot through the door. The shot she fired resulted in Mr. Jones' death.

The appellant argues that the death of Mr. Jones was not by "accidental means" since, appellant states, as a matter of law decedent's death was the natural and probable consequence of his attempt to break into the apartment of his ex-wife. In support of its contention, the appellant cites Prudential Life Insurance Company v. Overby's Adm'x, 251 Ky. 750, 65 S.W.2d 1006, and National Life and Accident Insurance Company v. Jones, 260 Ky. 404, 86 S.W.2d 139.

In Prudential Life Insurance Company v. Overby's Adm'x, supra, the insured was killed at a time when the insured was in the act of striking at the one who killed him with a knife. The court there held that the insured could have foreseen that his attack with a knife would have resulted in his death and, therefore, his death was not accidental within the meaning of that term. In National Life and Accident Insurance Company v. Jones, supra, the question was whether or not, in an action to recover upon an accidental provision in a life insurance policy, witnesses who had testified for the prosecution in a criminal case arising out of the death of the insured should be permitted to testify in regard to the details of the killing on the question of whether or not the death of the decedent was by "accidental means." The trial court refused such evidence, but on appeal it was held that the evidence should have been admitted, and the judgment was reversed for a new trial.

■ Neither the Prudential Life Insurance Company case nor the National Life and Accident Insurance Company case relied upon by the appellant supports the appellant's contention that under the facts and circumstances here presented the appellee was not entitled to recover under the insurance policy in question as a matter of law. In the National Life and Accident Insurance Company case it was noted by the court that there was a presumption that the insured's death as a result of his gunshot wound was accidental, and the burden was upon the insurance company to prove to the contrary. In both cases relied upon by the appellant, the insured was aggressively attacking another person with a deadly weapon. The rulings in those cases fall under the maxim that every man must be held to intend the natural and probable consequence of his deeds. What is the "natural and probable consequence" of particular action is a question for the jury unless the facts are so clear that only one conclusion can be reached by reasonable men. Cf. Edwards v. Equitable Life Assur. Soc. of United States, 296 Ky. 448, 177 S.W.2d 574.

■ As previously noted, the facts of this case are that the decedent and his former wife had been having much trouble for a period of years. Although the decedent had never harmed his wife, he had with impunity threatened her life on many occasions. The record also discloses that he had visited with his ex-wife at her residence at late hours a number of times previously. In fact, Mrs. Jones testified that except when the decedent was under the influence of alcohol, he and she were on good terms. Under these facts, it cannot be said as a matter of law that the decedent's attempt to forcefully gain entrance into the home of his ex-wife on the night that he was shot could have been reasonably expected by him to have resulted in his death or serious injury.

In 29A Am.Jur., Insurance, Section 1193, Pages 336, 337, it is said:

"One situation in which the courts are inclined to find accidental death or in-

jury even though the assault involves the use of deadly weapon is presented by so-called family quarrels, ordinarily between husband and wife, especially where there is evidence that such disputes were a common incident of the parties' relationship, and had never before called forth extreme violence in resisting. However, the mere fact that the assault committed by the insured was upon a member of his family rather than an outsider is not sufficient, standing alone, to show that the injury or death was not a foreseeable consequence, and so not accidental, where the circumstances otherwise indicate that the insured, in making the attack, should have anticipated violence (sic) resistance."

In 26 A.L.R.2d, pages 423 et seq., the same principle is elaborated with citation of several decisions from sister jurisdictions, some of the latter of which include General American Life Insurance Company v. Priest (C.A. 10) 301 F.2d 390; Aetna Life Insurance Co. v. Beasley, 272 Ala. 153, 130 So.2d 178; Life & Casualty Insurance Co. of Tennessee v. Hulsey, 109 Ga.App. 15, 134 S.E.2d 880; Gem State Mutual Life Asso. v. Gray, 77 Idaho 157, 290 P.2d 217; Wylie v. Union Casualty & Life Insurance Company, 15 Ill.App.2d 448, 146 N.E.2d 377. The early case of Campbell v. Fidelity & Casualty Company (1901) 109 Ky. 661, 60 S.W. 492, 22 Ky.Law Rep. 1295, while not precisely in point, recognizes the proposition that a death may be accidental, even though resulting from an affray instigated by the victim, if a jury may find that the fatal consequences of the affray reasonably could be regarded as unforeseeable by the victim in the circumstances.

We have not failed to note that in a criminal proceeding against the decedent's wife as a result of his death she was acquitted upon the grounds of self-defense. However, we do not find it inconsistent that a jury could have found that Mrs. Jones believed herself to be in danger at the time of the shooting and to further

say that the decedent's death could not have been reasonably anticipated by him under the circumstances here present. In this connection it is interesting to note that a search of decedent's body disclosed that he had no weapon of any kind on his person when he was killed.

The judgment is affirmed.

All concur.