515 P.2d 117 (1973)
Jo Ann YEAGER, Plaintiff-Appellee,
v.
The TRAVELERS INSURANCE COMPANY, a Connecticut corporation, Defendant-Appellant.
No. 72-165.
Colorado Court of Appeals, Div. II.
August 8, 1973.
Rehearing Denied September 5, 1973.
Certiorari Denied November 5, 1973.
*118 Edward B. Towey and Morgan Smith, Benjamin J. Andrews, Jr., Denver, for plaintiff-appellee.
Madden & Strate, P.C., William J. Madden, Denver, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Defendant, Travelers Insurance Company, appeals from a judgment entered against it in an action based upon an accidental death provision in an insurance policy which named plaintiff as beneficiary. The insured, Mr. Yeager, was shot and killed by plaintiff in the course of a family quarrel. The major issue is whether or not under those circumstances the insured's death was accidental within the provisions of the policy.
The underlying facts are not in dispute. Plaintiff and the insured were married in 1965. Theirs was a stormy and tumultuous marriage marred by the insured's repeated and savage attacks upon plaintiff. When he was drinking the insured often threatened plaintiff's life. On at least one occasion plaintiff was hospitalized for several days as the result of a beating inflicted upon her by the insured. Plaintiff testified that on various occasions she avoided a beating by humoring the insured or by simply running away. She further testified that at no time during these beatings did she offer physical resistance or brandish a weapon. On several occasions plaintiff sought protection and assistance from police officers.
On July 11, 1968, plaintiff obtained a decree of divorce against decedent, and she also obtained a restraining order prohibiting him from communicating or in any way interfering with her. The record further shows that, despite the insured's conduct, the frequent beatings, and the eventual divorce decree, plaintiff and insured reconciled and lived together from time to time.
On the fatal day the insured called plaintiff at work several times and threatened physical harm to plaintiff and their children. When plaintiff arrived home, she contacted the local sheriff's office, and an officer was sent to her home. The insured called several times while the officer was present. The officer instructed plaintiff to barricade herself in the house and said that he would maintain a watch for the insured and intercept him if he saw him. Shortly after the officer departed, the insured arrived on the scene. He first banged on the front door and demanded entry. After a few moments, he ran around the house to the back door. In the intervening period plaintiff telephoned the sheriff's office for assistance and obtained a pistol from her purse and loaded it. Thereafter, insured burst through the locked back door, hesitated a moment, and advanced on plaintiff. Plaintiff testified that she pleaded with him to stop and, when he continued advancing and lunged at her, she fired the fatal shot. The officers arrived on the scene a few minutes later. Subsequently, plaintiff was tried for murder and acquitted by a directed verdict on the basis of self defense.

I.
The trial court ruled that the insured's death was accidental. The company contends that the trial court erred in failing to find as a matter of law that the deceased insured knew or should have known that he was likely to be killed or seriously wounded, and that, therefore, his death was not accidental.
*119 The court in General American Life Insurance Co. v. Priest, 301 F.2d 390, 10th Cir. (1962), correctly stated the applicable rule:
"In this type of case the question of whether or not death was accidental turns upon the viewpoint of the insured, and his viewpoint must be determined from facts and circumstances. It is the province of the trial judge to arrive at his decision based upon the facts disclosed and reasonable inferences therefrom. Death of insured may be accidentally sustained even though intentionally inflicted by his adversary, while conversely the insured's death may not be accidental even though the person responsible for his death may have had no intention of killing him. . . .
"The general rule is that when insured assaults another and is killed as a consequence of his attack, his death is accidental unless it was a natural and probable result of his own actions, reasonably foreseeable by him or by a reasonably prudent man in his position."
Accord, Wylie v. Union Casualty & Life Insurance Co., 15 Ill. App.2d 448, 146 N.E.2d 377; Macklin v. Commonwealth Life & Accident Co., 121 Ill. App.2d 119, 257 N.E.2d 256; 10 G. Couch, Encylopedia of Insurance Law § 41: 187; see generally Annot., 26 A.L.R.2d 399. Moreover, it is clear that the determination of whether the insured could reasonably foresee the consequences of his conduct is a question for the trier of fact. Lewis v. Insurance Co. of North America, 416 F.2d 1077, 5th Cir. (1969); Life & Casualty Insurance Co. v. Jones, 436 S.W.2d 75 (Ky.Ct.App.).
In the instant case the trial found that under the circumstances the insured did not reasonably foresee that his former wife would shoot him. In his conclusions of law and findings of fact the trial judge stated:
". . . The evidence supporting this finding which the Court finds essential is that the deceased-insured had never encountered any physical resistance or rebuff by display of weapon, that the shooting incident was in its inception no different than many previous encounters had been, and that the deceased-insured as a reasonable man could expect no harm to himself by assaulting his wife and children."
In similar circumstances other courts likewise have taken the position that a long history of a wife's passive submission to attacks and beatings by her husband supports the finding that he did not reasonably foresee that she would use armed force to resist him. Macklin v. Commonwealth Life & Accident Insurance Co., supra; Life & Casualty Insurance Co. v. Jones, supra; Shields v. Prudential Insurance Co., 6 N.J. 517, 79 A.2d 297, 26 A.L.R.2d 392; 44 Am. Jur.2d Insurance § 1249.
The trial court's finding that the insured could not reasonably foresee that his wife would shoot him was supported by the evidence, and it will not be disturbed on appeal. Linley v. Hanson, 173 Colo. 239, 477 P.2d 453.

II.
The company further contends that the insured was killed in the course of committing an unlawful act and that the trial court erred by failing to rule as a matter of law that public policy precludes recovery by plaintiff.
In support of its argument, the company cites Metropolitan Life Insurance Co. v. Roma, 97 Colo. 493, 50 P.2d 1142. However, Roma is not controlling here. In Roma the court ruled that as a matter of public policy the beneficiary could not recover accidental death benefits because the insured was a reputed gangster who had purchased the policy while he was engaged in criminal activity, thereby protecting the beneficiary from the consequences of the insured's illegal acts. There is no showing of facts or circumstances which would suggest that Roma has any application to the instant case.

III.
The company also maintains the trial court erred in receiving testimony *120 from a psychologist who testified as an expert witness. The company objected to the competency of his testimony. The initial determination with respect to the qualifications and knowledge of a witness called to give opinion testimony is within the province of the trial judge, and his decision is conclusive, unless clearly shown to be erroneous. Starkey v. Bryan, 166 Colo. 43, 441 P.2d 314. Thereafter, any challenge to the basis upon which the expert reached his opinion goes to the weight of the testimony. Dolan v. Mitchell, Colo., 502 P.2d 72. There was no error committed in connection with the testimony of the expert witness.
We have considered the other arguments of the company and find them to be without merit.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.