BETTY JANE SULLIVAN LOGAN v. LIFE INS. CO. OF NORTH AMERICA, INC.

No. 7926SC606

(Filed 6 May 1980)

**Insurance § 67.2— death by accident—insured killed while struggling over gun**

In an action to recover under an insurance policy providing coverage for the death of the insured by accident, the evidence on motion for summary judgment presented an issue of material fact as to whether insured's death was caused by accident or whether it was instead a foreseeable result of his own conduct where it tended to show that insured struck his estranged wife and pointed a gun at her during an argument; insured and his wife struggled over the gun; the wife picked up the gun when it fell to the floor; the gun went off when insured lurched toward his wife, killing insured; and insured had pointed a gun at his wife on previous occasions but his wife did not struggle or resist on any of those occasions.

APPEAL by plaintiff from *Allen, Judge.* Judgment entered 15 February 1979 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 29 January 1980.

Plaintiff alleges that she is the widow of John Henry Logan, who at the time of his death was insured under a policy issued by defendant. By the terms of that policy plaintiff as beneficiary was entitled to collect $11,000 for Logan's death if it resulted "directly and independently of all other causes from bodily injuries caused by accident." Plaintiff has presented a signed Proof of Loss form but defendant has refused to pay.

Defendant answered, denying that Logan's death was caused by accident and alleging that it was instead a foreseeable result of his own conduct. Defendant also moved for summary judgment, which was granted. Plaintiff appeals.

*Lane and Helms, by H. Parks Helms and I. Manning Huske, for plaintiff appellant.*

*James P. Crews and Robert L. Burchette for defendant appellee.*

ARNOLD, Judge.

The record on appeal contains plaintiff's deposition and her verified affidavit. Although the record does not reveal whether

these documents were presented and considered on the motion for summary judgment, we assume that they were, since they contain the only statement of the facts in this case. The undisputed circumstances surrounding Logan's death are as follows:

Plaintiff and Logan were married and had four children, but they had separated and had been living apart for more than a year at the time of his death. Logan spent the night of October 2 at plaintiff's house, where he slept on the sofa. The next morning he asked her to go to bed with him, and she refused. He slapped her on the face "a couple of times" and then went into the bedroom, saying that if she wouldn't go to bed with him he had something that would make her go. Logan took a pistol out of a drawer, plaintiff approached him, and they "tussled" over the gun. It fell to the floor and plaintiff picked it up and turned to face Logan. He "lurched" at her and the gun went off, killing him. The whole sequence of events happened "really quickly."

Logan had assaulted the plaintiff on previous occasions. In 1966 and in 1974 he shot at her. Six days before his death and on one other occasion he had pointed a gun at her. On none of these occasions did she struggle or try to resist; she simply withdrew. On the most recent occasion before his death she did grab Logan's hand briefly when one of the children entered the room, but on that occasion as well she withdrew as quickly as possible.

Upon these facts, the court granted summary judgment for defendant. Plaintiff argues that although the factual occurrences are undisputed, there remains for the jury the question of whether Logan reasonably could have foreseen plaintiff's response to his actions. We agree that this question must be determined by the jury. As the court said in *Clay v. Ins. Co.*, 174 N.C. 642, 645-46, 94 S.E. 289, 290 (1917), the true test of liability in cases of this sort is not whether the insured was the aggressor in the affray that took his life, but whether he was "the aggressor, under circumstances that would render a homicide likely as the result of his own misconduct." The circumstances in this case are not so clear cut that it can be determined as a matter of law that Logan's death was a reasonably foreseeable result of his actions. His assaults on the plaintiff in the past had never resulted in a struggle. Whether he should have anticipated that on this occa-

sion plaintiff would struggle with him over the gun is a material question of fact.

The North Carolina cases we have examined in which the insured was found as a matter of law not to have died by accident reveal no previous course of conduct between the parties to the affray which might have raised expectations on the part of the insured. See *e.g. Gray v. State Capital Life Ins. Co.*, 254 N.C. 286, 118 S.E. 2d 909 (1961); *Scarborough v. World Ins. Co.*, 244 N.C. 502, 94 S.E. 2d 558 (1956); *Clay v. Ins. Co., supra.* We have found no North Carolina case which reveals a previous course of conduct, but cases in other jurisdictions have been decided on facts very similar to those now before us, and the deaths in those cases have been found to be accidental. For example, in both *Yeager v. Travelers Ins. Co.*, 515 P. 2d 117 (Colo. App.), *reh. denied, cert. denied,* (1973) and *Martin v. Massachusetts Mutual Life Ins. Co.*, 463 S.W. 2d 681 (Tenn.), *reh. denied* (1971), the insured husbands had beaten and abused their wives on a number of occasions, but neither wife had resisted until the time each shot her husband, causing his death.

Because there exists a material question of fact—whether plaintiff's response to Logan's conduct was reasonably foreseeable—summary judgment for defendant was inappropriate. The order of the trial court is

Reversed.

Judges PARKER and WEBB concur.