**METROPOLITAN LIFE INSURANCE CO., Plaintiff,**

v.

**Monroe PRATER et al., Defendants.**

Civ. A. No. 80–88.

United States District Court, E. D. Kentucky.

Jan. 30, 1981.

Gary W. Barr, Stoll, Keenon & Park, Lexington, Ky., for plaintiff.

W. Rodes Clay, Clay, Dykeman, Gartland & Watts, Lexington, Ky., George W. Moore, Maxey & Moore, Mount Sterling, Ky., for defendants.

## MEMORANDUM OPINION AND ORDER

REED, District Judge.

This is an action to determine to whom the proceeds of a life insurance policy should be paid. On April 2, 1979, Aileen T. Prater, the insured, died. The deceased had been arguing with Monroe Prater, her husband. A shot had been fired from the gun she was holding, striking relatively near her husband. The defendant then shot his wife, apparently in self-defense. Aileen T. Prater died from the gunshot wounds she received.

On May 29, 1980, Metropolitan Life Insurance Co. filed this suit against Monroe Prater, husband of the deceased, Albert Thompson, administrator of the estate of the deceased, and Gary and Timothy Prater, heirs at law of the deceased. The plaintiff asked, in essence, for a determination by the Court as to which of the potential claimants the insurance proceeds were due. On August 12, 1980, Monroe Prater filed his answer, including a counterclaim for accidental death benefits. On August 18, 1980, Albert Thompson and Gary Prater tendered their answer, which disavowed any claim against the plaintiff. Timothy Prater, after personal service, has not filed any response to the plaintiff's complaint.

On September 8, 1980, defendant, Monroe Prater, moved for summary judgment on plaintiff's original claim. On October 24, 1980, the plaintiff moved for summary judgment against Monroe Prater, both on their original claim and on defendant's counterclaim. Plaintiff also has moved for a judgment on the pleadings against Albert Thompson and Gary Prater. Plaintiff additionally has requested a default judgment against Timothy Prater. Plaintiff also has moved for attorneys' fees and costs.

The administrator of the estate of Aileen T. Prater, Albert Thompson, at one time made a claim on plaintiff for the proceeds of the deceased's insurance policy. He no longer makes any such claim. A judgment on the pleadings is appropriate under these circumstances. Fed.R.Civ.P. 12(c).

Gary Prater, according to the record before the Court, has never made any claim against the plaintiff for the proceeds of the insurance policy. He renounced any such claim in his answer of August 18, 1980. A judgment on the pleadings is also proper against him. Fed.R.Civ.P. 12(c).

On October 9, 1980, Timothy Prater was personally served, giving him actual notice of the pendency of this action and the requirement that he file an answer. No response of any kind has been filed by Timothy Prater. A default judgment should be entered against him. Fed.R.Civ.P. 55(b)(2).

■ Both sides have moved for summary judgment on the base amount of the insurance policy. There has been no evidence presented to suggest that Monroe Prater feloniously killed his wife, barring him from collecting the insurance proceeds. See *National Life Ins. Co. v. Hood's Adm'r.*, 264 Ky. 516, 94 S.W.2d 1022 (1936). Monroe Prater was the sole designated beneficiary of Aileen T. Prater's life insurance policy.

In addition, the other potential claimants either have renounced any claim or have not responded to plaintiff's claim. There is no genuine issue of fact remaining in this claim. Summary judgment as to the base amount of the policy is proper. Fed.R. Civ.P. 56.

██ The defendant, Monroe Prater, has made a counterclaim against the Metropolitan Life Insurance Co. for accidental death benefits. Metropolitan Life has requested summary judgment on this counterclaim. Their contention is that Aileen T. Prater shot at her husband. Since, plaintiff alleges, it was not unforeseen or unexpected that he would shoot back at Aileen, her death was not accidental. See *Prudential Life Ins. Co. v. Overby's Adm'x.*, 251 Ky. 750, 65 S.W.2d 1006 (1933). Summary judgment is appropriate here only if, as a matter of law, Aileen T. Prater's death was the natural and probable consequence of her actions. A death may be accidental, even though resulting from a fight begun by the victim, if the fatal consequences of the fight reasonably could be regarded as unforeseeable by the victim under the circumstances. *Life & Casualty Insurance Co. of Tenn. v. Jones*, 436 S.W.2d 75 (Ky.1968). If, as plaintiff contends, Aileen T. Prater's death was the result of her wilful assault, then the plaintiff should not have to pay accidental death benefits. *Overby's Adm'x., supra.* What the natural and probable consequences of Aileen T. Prater's actions were is a question for a jury unless the facts are so clear that only one conclusion can be reached. *Id.* The facts are not that clear here. Monroe Prater has suggested that while he acted in self-defense, in retrospect, the discharge of Aileen's gun may have been accidental. See Deposition of Monroe Prater. We do not find it inconsistent that Monroe Prater could have believed himself to be in danger at the time of the shooting and that Aileen T. Prater could not reasonably have anticipated her death under the circumstances present here. *Overby's Adm'x., supra.*

██ Metropolitan Life has requested that it be awarded attorneys' fees for the insti-

tution of this action. The award of such fees are within the discretion of this Court. See *Gulf Oil Corp. v. Olivier*, 412 F.2d 938 (5th Cir. 1969). There was no substantial likelihood of multiple liability for the plaintiff in this case. The only claim made upon Metropolitan Life, besides that of Monroe Prater, apparently was never formally made. Even this claim, by the administrator of Aileen T. Prater's estate, was withdrawn one month before this suit was filed. Apparently, Metropolitan Life also would have been protected by Kentucky law, which provides that if the designated beneficiary receives the proceeds of a policy to which no other previous claim has been made, the insurance company is fully discharged from all claims under the policy. Ky.Rev.Stat. 304.14–260. On balance, the circumstances of this case do not warrant the award of attorneys' fees. See also *Travelers Indemnity Company v. Israel*, 354 F.2d 488 (2nd Cir. 1965).

· ██ In accordance with the provisions of the deceased's policy, the proceeds of her life insurance policy were payable upon her death. At the time of Aileen T. Prater's death, on April 2, 1979, the applicable rate of interest was 6%. Ky.Rev.Stat. Section 360.010 (1979). This rate was changed to 8% effective April 1, 1980. Ky.Rev.Stat. Section 360.010. Since the revised statute does not expressly provide that it is to be applied retroactively, it will be given only prospective effect. Ky.Rev.Stat. Section 446.080; see also *Ridge v. Ridge*, 572 S.W.2d 859 (1978). ·

IT IS THEREFORE ORDERED:

(1) That the motions of the Metropolitan Life Insurance Co., plaintiff, and Monroe Prater, defendant, for summary judgment directing that Metropolitan pay the basic insurance proceeds to Monroe Prater, are hereby GRANTED;

(2) That the motion of the Metropolitan Life Insurance Co., plaintiff, for summary judgment on the counterclaim against it by Monroe Prater, defendant, is hereby DENIED; ·

(3) That the motion of the Metropolitan Life Insurance Co., plaintiff, for judgment on the pleadings on its claim against Albert Thompson, Administrator of the Estate of Aileen T. Prater, defendant, is hereby GRANTED;

(4) That the motion of the Metropolitan Life Insurance Co., plaintiff, for judgment on the pleadings on its claim against Gary Prater, defendant, is hereby GRANTED;

(5) That the motion of the Metropolitan Life Insurance Co., plaintiff, for a default judgment on its claim against Timothy Prater, defendant, is hereby GRANTED;

(6) That the motion of the Metropolitan Life Insurance Co., plaintiff, for the award of attorneys' fees and costs, is hereby DENIED;

(7) That interest shall be computed on the base amount due on the life insurance policy of Aileen T. Prater at the rate of 6% per annum from April 2, 1979 to April 1, 1980, and at the rate of 8% per annum from April 1, 1980 to the date of this order.